# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 99-1276

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | |
| v. | * | |
| | * | |
| Darrell L. Adams, | * | |
| | * | |
| Appellant. | * | |
| | * | |
| -------------------- | * | Appeal from the United States |
| | * | District Court for the |
| United States of America, | * | District of Nebraska. |
| | * | |
| Appellee, | * | |
| | * | |
| v. | * | |
| | * | |
| Darrell L. Adams, | * | |
| | * | |
| Appellant. | * | |

_____

Submitted: November 3, 1999
Filed: December 3, 1999

_____

Before McMILLIAN, RICHARD S. ARNOLD, and HANSEN, Circuit Judges.

_____

PER CURIAM.

Darrell Adams was indicted in the District of Nebraska on one count of bank fraud and in the Eastern District of Wisconsin on two counts of bank fraud, all in violation of 18 U.S.C. § 1344. The indictments charged that Adams opened bank accounts using false names, deposited checks drawn on closed accounts to create false balances, and wrote checks and withdrew money from the accounts. Adams entered into separate plea agreements with the United States Attorney's Offices for the District of Nebraska and the Eastern District of Wisconsin, and he agreed to transfer the Wisconsin charges to Nebraska pursuant to Federal Rule of Criminal Procedure 20.

In the Wisconsin plea agreement, the government agreed to recommend an adjustment for acceptance of responsibility under U.S. Sentencing Guidelines Manual § 3E1.1 (1998), "but only if [Adams] exhibit[ed] conduct consistent with the acceptance of responsibility." The agreement noted that the court would not be bound by it, would make independent determinations regarding the application of the Guidelines, and could impose any sentence authorized by law. Finally, Adams acknowledged that the government could void the agreement at its discretion if he engaged in any further criminal activity. Pursuant to the plea agreements, Adams pleaded guilty to the Nebraska indictment and to the first count of the Wisconsin indictment.

While on pretrial release, Adams submitted a change-of-address form to the post office requesting that mail sent to him at a former address in Kansas City be forwarded to him at a new Kansas City address; he opened a checking account with a $100 deposit at a Kansas City bank using the former address and a false social security number (which he had used while living in California under the alias Darrell Green); he deposited into that account four checks drawn on a Los Angeles account in the name of Darrell Green, all of which were ultimately returned due to insufficient funds; and he wrote checks which exceeded the balance in the Kansas City account. Because of this conduct, neither the presentence report nor the government recommended that Adams receive an acceptance-of-responsibility reduction. Over Adams' objection, the

district court[1] denied such a reduction because Adams had engaged in illegal conduct similar to the conduct which formed the basis of the charges against him. The court sentenced Adams to two concurrent 71-month terms of imprisonment and five years of supervised release.

On appeal, Adams argues that the district court erred in denying him a reduction for acceptance of responsibility; the government breached the plea agreement by failing to recommend the reduction; and the district court erred in failing to enforce the plea agreement.

We conclude that the district court did not clearly err in denying Adams an acceptance-of-responsibility reduction. See United States v. Poplawski, 46 F.3d 42, 42-43 (8th Cir.) (standard of review; denial of reduction for acceptance of responsibility not clearly erroneous where defendant continued use of drug related to charged offense while free on bond), cert. denied, 515 U.S. 1109 (1995). We also conclude that the government did not breach the plea agreement because the acceptance-of-responsibility recommendation was conditioned upon Adams exhibiting conduct consistent with acceptance of responsibility, and the agreement reserved to the government the discretion to void the agreement if Adams engaged in any further criminal activity. For these reasons, we similarly conclude that the district court did not err in not requiring the government to recommend a reduction (which would have, in any event, been nonbinding upon the court).

Accordingly, we affirm the judgment of the district court.

---

[1]The Honorable William G. Cambridge, United States District Judge for the District of Nebraska.

A true copy.

Attest:

        CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.