# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 03-3458

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | Appeal from the United States |
| Plaintiff-Appellee, | * | District Court for the |
| | * | Northern District of Iowa. |
| v. | * | |
| | * | [UNPUBLISHED] |
| Robert Kolbe, | * | |
| | * | |
| Defendant-Appellant. | * | |

_____

Submitted: May 13, 2004
Filed: September 2, 2004

_____

Before MURPHY, HEANEY, and MAGILL, Circuit Judges.

_____

PER CURIAM.

Robert Samuel Kolbe pled guilty to manufacturing, attempting to manufacture, and aiding and abetting an attempt to manufacture five grams or more of methamphetamine in violation of 21 U.S.C. §§ 841, 846. The district court[1] sentenced him to 66 months, and he appeals its failure to grant him a third level reduction for acceptance of responsibility under § 3E1.1(b) of the 2002 United States Sentencing Guidelines (USSG). We affirm.

_____

[1]The Honorable Linda R. Reade, United States District Judge for the Northern District of Iowa.

Kolbe was indicted on February 21, 2003 for manufacturing and attempting to manufacture more than five grams of methamphetamine. He was arraigned and pled not guilty to the charge a few days later, and the district court entered its standard scheduling order in the case. The order included the following language:

> the additional one level decrease for acceptance of responsibility provided for under USSG 3E1.1(b)(2) will not be given to the defendant, unless, notice is given to the court by no later than the close of business fifteen (15) business days in advance of the date scheduled for trial that a case has been settled and the defendant anticipates entering into a plea agreement.

The order also indicated that failure to meet the deadline would result in denial of the third level reduction unless "exceptional circumstances are shown."[2]

Kolbe filed a timely motion to suppress on April 7. After receiving the government's tardy resistence to his motion, Kolbe withdrew it and filed a written notice of intent to plead guilty twelve business days before the May 5 trial date. At sentencing Kolbe sought a three level reduction for acceptance of responsibility. The district court applied its fifteen business day rule, explaining that the rule was necessary in order to schedule its heavy criminal caseload and to provide notice to witnesses. The district court found no circumstances warranting an exception to the rule and granted Kolbe a two level reduction for acceptance of responsibility. He was sentenced to 66 months.

On appeal Kolbe argues that the district court should have granted him a third level reduction. He contends that the district court erred in finding that his

---

[2]Section 3E1.1(b), as amended by the PROTECT Act of 2003, 18 U.S.C. § 3742 as amended by § 401 of the Act, 108 Pub. L. 21, 117 Stat. 650, 670, effective April 30, 2003, now requires a motion by the United States before a sentencing court can grant the additional third level reduction for acceptance of responsibility.

notification was not timely because it only considered its fifteen business day rule while § 3E1.1(b) required a context specific inquiry into timeliness. He asserts that he should have received the additional one level reduction because the government did not have to prepare for trial and the court was able to use its resources efficiently by scheduling another trial. He also maintains that a defendant should be able to file a nonfrivolous pretrial motion without facing the risk of losing the third level for acceptance of responsibility. We review a district court's findings of fact with respect to a denial of a reduction for acceptance of responsibility for clear error and its interpretation and application of the guidelines de novo. United States v. Abfalter, 340 F.3d 646, 651 (8th Cir. 2003).

Even though the district court did not refer to the motion deadline extension Kolbe had received from the magistrate judge or to the government's failure to file its resistance on time, it did state that it had expended resources on scheduling Kolbe's trial and it found that there were no exceptional circumstances meriting departure from its fifteen business day rule. While the district court could have made it clearer that it had considered all the context and other circumstances raised by Kolbe, we cannot say that it clearly erred in its factual findings or application of the guidelines.

Accordingly, we affirm the judgment of the district court.

_____