# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 05-1235

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Northern District of Iowa. |
| Rebecca Sue Worth, | * | |
| | * | [UNPUBLISHED] |
| Appellant. | * | |

_____

Submitted: September 30, 2005
Filed: October 17, 2005

_____

Before MELLOY, MAGILL, and GRUENDER, Circuit Judges.

_____

PER CURIAM.

Rebecca Worth appeals the sentence the district court[1] imposed after she pleaded guilty to a drug charge and failure to appear. She argues that the district court erred in refusing to grant a 3-level reduction in her offense level for acceptance of responsibility. We affirm.

Worth was originally indicted in February 2004 for conspiring to manufacture methamphetamine. In April she notified the court of her intention to plead guilty, and

_____

[1] The Honorable Linda R. Reade, United States District Judge for the Northern District of Iowa.

a change-of-plea hearing was scheduled. Worth failed to appear for the April 14 hearing, absconded from supervision, and fled the area. She was arrested in June after allegedly having committed other crimes. A July 2004 superseding indictment charged Worth with the original conspiracy offense and with failing to appear. Worth pleaded not guilty in July, and trial was set for September, but in August 2004 she pleaded guilty to both counts.

At sentencing, the government stated its position that Worth should receive an acceptance-of-responsibility reduction, despite her obstruction of justice by failing to appear, because the nature of her cooperation made her case "extraordinary" within the meaning of Application Note 4 to U.S.S.G. § 3E1.1. The government conceded in its brief that it made a motion under § 3E1.1(b). At sentencing, the government stated that Worth's guilty plea was untimely with respect to the original trial schedule but timely as to the new trial date, and that the government had never begun preparing for trial. The court concluded that this was "an extremely tight call," because Worth's failure to appear did not occur early in the investigation and she did not voluntarily terminate her obstructive conduct, but she had not denied the obstructive conduct, she had pleaded guilty to the underlying offense, and she had offered assistance in the investigation of her own and other crimes; in this "unusual situation," the court granted her a 2-level reduction.

We review for clear error the denial of an acceptance-of-responsibility reduction. See U.S.S.G. § 3E1.1, comment. (n.5) (sentencing court is entitled to great deference on review because it is in unique position to evaluate defendant's acceptance of responsibility); United States v. Perez, 270 F.3d 737, 739 (8th Cir. 2001) (clear-error standard of review), cert. denied, 535 U.S. 945 (2002). A defendant is entitled to a 2-level reduction in offense level if she "clearly demonstrates acceptance of responsibility for [her] offense," see U.S.S.G. § 3E1.1(a), and to a third level if the government states that the defendant has assisted in the investigation or prosecution of her own misconduct by timely notifying authorities

-2-

of her intention to plead guilty, "thereby permitting the government to avoid preparing for trial and permitting the government and the court to allocate their resources efficiently," see U.S.S.G. § 3E1.1(b). In determining whether a third level of reduction is warranted, the court's inquiry should be "context specific," and should consider the timeliness of the defendant's acceptance of responsibility, including whether the government has been able to avoid preparing for trial and whether the court has been able to schedule its calendar efficiently. See U.S.S.G. § 3E1.1, comment. (n.6). A defendant who has received the 2-level reduction is entitled to the third level if the plea was sufficiently timely. See United States v. Rice, 184 F.3d 740, 742 (8th Cir. 1999).

Here, although the government stated that it had not undertaken trial preparation, the court's allocation of resources was affected by Worth's actions: her flight required cancelling her scheduled plea hearing, and her July 2004 not-guilty plea required scheduling a trial before she decided to plead guilty in August. We conclude the district court did not clearly err in denying the third level of reduction.

Accordingly, we affirm.

_____