# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 04-1103

_____

United States of America,        *
                           *

        Appellee,        *

                           *  Appeal from the United States
     v.                 *  District Court for the Western
                           *  District of Missouri.

Ronnie C. Gaines,        *

                           *  [UNPUBLISHED]

        Appellant.      *

_____

Submitted: October 25, 2005
Filed:  July 5, 2006

_____

Before MELLOY, LAY, and COLLOTON, Circuit Judges.

_____

PER CURIAM.

Ronnie C. Gaines was charged with two counts of possession of a controlled substance with intent to distribute and two counts of assaulting law enforcement officers.  He challenges the district court's denial of his motion to withdraw his guilty plea, and he argues that he is entitled to a new sentencing hearing.  We affirm.

Gaines pled guilty pursuant to a plea agreement, and the agreement contemplated a base offense level of 26 under then-mandatory sentencing guidelines.  The agreement noted that Gaines had accepted responsibility in a timely fashion, and that the government believed he was entitled to a three-level reduction pursuant to

USSG § 3E1.1, subject to his conforming to the conditions of pretrial release and "not otherwise violating any terms or conditions of this plea agreement." The agreement also specified that the guidelines computation set forth in the agreement "does <u>not</u> bind the Court or the United States Probation Office with respect to the appropriate Guideline levels." (App. at A7) (emphasis in original).

Prior to sentencing, defense counsel informed Gaines that the base offense level in his plea agreement did not take into account his prior convictions and several enhancements, and counsel moved to withdraw from representing Gaines. Gaines then sought to withdraw his guilty plea and proceed to trial, arguing that his counsel had not properly advised him of the agreement's contents. He asserted that the allegations in the indictment were not true, and that he was innocent. (Hr'g Tr. at 7, 36). After a hearing, the district court[1] found no fair and just reason to withdraw the guilty plea. The court observed that "I specifically asked you and had you agree that you understood that once I accepted your guilty plea, you could not later withdraw it because you didn't like the sentence that you were going to get." (*Id.* at 38). Noting that "it looks to me like this is all about sentence," the court denied the motion to withdraw. The court eventually sentenced Gaines to 210 months' imprisonment.

Gaines's current counsel moved to withdraw and filed a brief under *Anders v. California,* 386 U.S. 738 (1967), arguing that the district court abused its discretion in denying Gaines's motion to withdraw his plea. Gaines also filed a supplemental pro se brief arguing that all three of his attorneys have provided ineffective assistance of counsel, and that the government breached his plea agreement by failing to recommend a three-level reduction for acceptance of responsibility. We denied counsel's motion to withdraw, and requested supplemental briefs from the parties addressing the claim that the government breached the plea agreement and the

---

[1]The Honorable Richard E. Dorr, United States District Judge for the Western District of Missouri.

reasonableness of the sentence in light of *United States v. Booker*, 543 U.S. 220 (2005).

We first conclude that the district court did not abuse its discretion in denying Gaines's motion to withdraw his guilty plea. To show a "fair and just reason" for withdrawal, a defendant must establish a reasonable probability that, but for counsel's alleged errors, he would not have pleaded guilty. *United States v. McMullen,* 86 F.3d 135, 137 (8th Cir. 1996). The district court found that Gaines was fully apprised that he could not withdraw his plea if he disliked the sentence to be imposed, and that he was not prejudiced by any failure of his counsel at his plea hearing. The court's finding that Gaines's change of heart was "all about sentence," and that he was not prejudiced by any lack of notice, was not clearly erroneous.

Nor are we persuaded by Gaines's argument that he is entitled to resentencing because the government breached the plea agreement by recommending a two-level reduction for acceptance of responsibility, rather than the three-level reduction contemplated by his plea agreement. Gaines did not allege a breach of the plea agreement at sentencing, restate the terms of the agreement in open court, or move to withdraw his plea based on the alleged breach. Under our precedent, the failure to take any of these actions constitutes a waiver. *United States v. Cohen,* 60 F.3d 460, 462-63 (8th Cir. 1995) (holding that defendant had "waived any objection to the government's failure to make the recommendation it had provided," and concluding that "[i]t would be unfair to permit Cohen to sit idly by at the time of sentencing, when by exercising any one of the courses of action open to him he could have obtained a clarification and correction of the government's position, and now seek a remand for that very same purpose.").

Even assuming there was no waiver, the matter of an alleged breach was not properly preserved, and we would review the claim only for plain error. *United States v. Olano,* 507 U.S. 725, 735-36 (1993). To gain relief under that standard, a defendant

must show that the district court committed an error, that the error was obvious, and that the error affected the defendant's substantial rights. *Id*. at 732. Even then, a court of appeals should exercise its discretion to correct the error only when it "'seriously affect[s] the fairness, integrity or public reputation of judicial proceedings.'" *Id*. (quoting *United States v. Young*, 470 U.S. 1, 15 (1985)) (alteration in original).

We acknowledge a substantial argument that the government's advocacy at sentencing was inconsistent with the plea agreement. The government agreed to file a written motion "setting forth the reasons why the United States believes defendant is entitled to a three point reduction for acceptance of responsibility," subject only to "defendant abiding by all conditions of his pretrial release and defendant not otherwise violating any terms or conditions of [the] plea agreement." (App. at A7). The government contends that Gaines violated the terms or conditions of his plea agreement by attempting to withdraw his guilty plea. But Gaines ultimately did not withdraw his plea, and at the time of his sentencing hearing, Gaines was in compliance with the provisions of his plea agreement that called for him to plead guilty. The government could have drafted the agreement differently, to provide, for example, that its obligations were contingent on Gaines "exhibit[ing] conduct consistent with the acceptance of responsibility," *United States v. Adams*, 197 F.3d 1221, 1222 (8th Cir. 1999) (per curiam), but it failed to do so. As drafted, the plea agreement in this case limits more narrowly the conditions under which the government reserved the right to change its position on acceptance of responsibility, and it is difficult for the government to show that Gaines breached the agreement by making an unsuccessful attempt to withdraw his plea. We may assume, therefore, that there was "error" in the sentencing proceeding.

Under plain error review, however, Gaines must establish more than a breach of the plea agreement. We are doubtful that any error here should be characterized as "obvious," given the close textual analysis required to reach a conclusion that there was a breach of the agreement. But even assuming that criterion were satisfied,

Gaines must also show that a breach affected his substantial rights, *see United States v. Jensen*, 423 F.3d 851, 854 (8th Cir. 2005), and we conclude that he has not done so.

Whether or not the government recommended a third-level reduction for acceptance of responsibility, the district court was not bound by that recommendation under the plea agreement. (App. at A7). The court was well aware that Gaines, after pleading guilty, had declared his innocence and attempted to withdraw his plea. This conduct is plainly inconsistent with acceptance of responsibility and could have justified the denial of *any* reduction under USSG § 3E1.1. *See United States v. Newson*, 46 F.3d 730, 734 (8th Cir. 1995); *United States v. Smith*, 422 F.3d 715, 727 (8th Cir. 2005) ("[I]n light of his attempts to withdraw his guilty plea, [defendant] was fortunate to receive a two-level reduction for acceptance of responsibility."). The additional third-level reduction, which a defendant "is not entitled to . . . as a matter of right," is limited to circumstances in which the defendant not only pleads guilty, but does so in a sufficiently timely manner "so that the government may avoid preparing for trial and the court may schedule its calendar efficiently." *Smith*, 422 F.3d at 726 (internal quotations omitted). By proclaiming his innocence and seeking to withdraw his guilty plea, Gaines triggered an evidentiary hearing that required the allocation of scheduling time by the court and the devotion of additional resources by the government. Under those circumstances, we see no reasonable probability that the district court would have awarded the three-level adjustment, even if the government had filed a statement acknowledging the three-level recommendation described in a plea agreement that was executed before the change in circumstances. *Id.* at 727 (holding that district court properly denied third-level adjustment where defendant's conduct prior to sentencing, including attempt to withdraw guilty plea, was "overly dilatory and certainly contrary to his admission of guilt[.]").[2]

---

[2]*See also United States v. Worth*, 152 F. App'x 549, 551 (8th Cir. 2005) (per curiam) (upholding denial of third-level adjustment where, "although the government stated that it had not undertaken trial preparation, the court's allocation of resources was affected by Worth's actions: her flight required cancelling her scheduled plea

As for Gaines's challenge based on *Booker*, it is now clear that the district court erred by sentencing Gaines according to a mandatory guidelines system, but because Gaines did not raise this objection in the district court, we review his claim only for plain error. *See United States v. Pirani*, 406 F.3d 543, 549 (8th Cir.) (en banc), *cert. denied*, 126 S. Ct. 266 (2005). We conclude that the record as a whole does not establish a "reasonable probability" that Gaines would have received a more favorable sentence had the court considered the guidelines as advisory. *Id.* at 552. Although Gaines received a sentence at the low end of the applicable guideline range, a low-end sentence, without more, is insufficient to establish a reasonable probability of a more favorable sentence under the advisory guidelines system. *Id.* at 553. The court indicated that the 210-month sentence was "appropriate," and nothing in the record indicates that the court believed a more favorable sentence was warranted. There are no strong mitigating circumstances that suggest a district court would have imposed a more lenient sentence under an advisory system. There is thus no plain error warranting relief.

Gaines's argument that his three attorneys were ineffective is properly addressed in a habeas corpus proceeding under 28 U.S.C. § 2255, rather than on direct appeal. *See United States v. Santana,* 150 F.3d 860, 863 (8th Cir. 1998). For the foregoing reasons, we affirm the judgment of the district court.

_____

_____

hearing, and her July 2004 not-guilty plea required scheduling a trial before she decided to plead guilty in August."); *United States v. Kolbe*, 109 F. App'x 129, 130 (8th Cir. 2004) (per curiam) (upholding denial of third-level adjustment where defendant gave notice of intent to plead guilty twelve days before trial, but court had rule requiring notice of fifteen days, and court thus "expended resources on scheduling Kolbe's trial"); *United States v. Hernandez*, 1999 WL 486620, at *6 (6th Cir. 1999) (per curiam) (unpublished) (upholding denial of third-level adjustment where defendant pled guilty shortly before trial and later "attempted to withdraw his plea which required additional hearings and briefs").