# United States Court of Appeals
## For the Eighth Circuit

_____

No. 13-1314

_____

United States of America

*Plaintiff - Appellee*

v.

Abel Hernandez Rodriguez, also known as Abel Garcia-Martinez, also known as
Abel Garcia-Rodriguez

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Southern District of Iowa - Des Moines

_____

Submitted: November 22, 2013
Filed: January 31, 2014

_____

Before WOLLMAN, COLLOTON, and GRUENDER, Circuit Judges.

_____

WOLLMAN, Circuit Judge.

Abel Hernandez Rodriguez pleaded guilty pursuant to a written plea agreement to conspiring to distribute 500 grams or more of a mixture or substance containing methamphetamine and 50 grams or more of actual methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 846. Hernandez later moved to withdraw his guilty plea, claiming that his counsel was ineffective in negotiating his plea. The

district court[1] denied the motion and sentenced Hernandez to 204 months' imprisonment. Hernandez appeals from the denial of his motion to withdraw his guilty plea and from his sentence. We affirm.

I.

Hernandez's counsel negotiated a plea agreement that stipulated certain facts regarding Hernandez's role in the methamphetamine distribution conspiracy. The stipulation provided that Hernandez "coordinated distribution of methamphetamine to others in Des Moines, IA." The stipulation also specified the acts Hernandez took in coordinating the distribution. According to the stipulation, on three occasions Hernandez directed a coconspirator to transport drugs from California to Iowa and to transport drug proceeds from Iowa to California. Hernandez's coconspirator collected drug proceeds on his behalf, and Hernandez gave his coconspirator numbers of bank accounts in which to deposit the drug proceeds. Hernandez also had planned a trip for his coconspirator to transport drugs and drug proceeds in a vehicle that he had loaded with drugs.

Hernandez confirmed that the factual stipulations were true and pleaded guilty. Before sentencing, Hernandez retained new counsel and moved to withdraw his guilty plea. The district court held a hearing during which Hernandez's first counsel testified regarding his trial strategy and representation. The district court denied the motion and proceeded to sentencing. In determining Hernandez's sentence, the district court imposed a three-level increase to the base offense level under United States Sentencing Guidelines (U.S.S.G.) § 3B1.1 for Hernandez's role in the offense and denied a reduction under U.S.S.G. § 3E1.1 for acceptance of responsibility.

---

[1]The Honorable Ronald E. Longstaff, United States District Judge for the Southern District of Iowa.

## II.

We review "the denial of a motion to withdraw a guilty plea for abuse of discretion." United States v. Cruz, 643 F.3d 639, 641 (8th Cir. 2011). A defendant may withdraw a guilty plea "after the court accepts the plea, but before it imposes sentence if . . . the defendant can show a fair and just reason for requesting the withdrawal." Fed. R. Crim. P. 11(d)(2)(B); see also United States v. Bastian, 603 F.3d 460, 464 (8th Cir. 2010) ("The defendant has the burden to establish such a reason."). "Defense counsel's performance can serve as the requisite fair and just reason for withdrawal [of a guilty plea] only if [the defendant] demonstrates both that his attorney's performance was deficient and that he was prejudiced by it." United States v. De Oliveira, 623 F.3d 593, 596 (8th Cir. 2010) (alterations in original) (quoting United States v. McMullen, 86 F.3d 135, 137 (8th Cir. 1996)).

Hernandez contends that the attorney who negotiated the plea agreement was ineffective by advising him to enter into the plea agreement, because the plea agreement included a stipulation of facts that relieved the government of the responsibility to prove sentencing enhancements and provided no benefit to Hernandez. Specifically, Hernandez argues that the plea agreement unnecessarily exposed him to an enhancement for an aggravating role under U.S.S.G. § 3B1.1, which made him ineligible for a safety valve reduction under U.S.S.G. § 2D1.1(b)(16).

The district court did not abuse its discretion in concluding that Hernandez had failed to demonstrate his attorney's performance was deficient. To establish deficient performance, "the defendant must show that counsel's representation fell below an objective standard of reasonableness." Cruz, 643 F.3d at 642 (quoting Strickland v. Washington, 466 U.S. 668, 688 (1984)). In other words, the defendant must show that "his attorney failed to exercise the customary skills and diligence that a reasonably competent attorney would exhibit under similar circumstances[.]" Hayes

v. Lockhart, 766 F.2d 1247, 1251 (8th Cir. 1985). The district court held that Hernandez's counsel did not act unreasonably in advising Hernandez to enter into stipulations relevant to his role in the conspiracy.

A claim of ineffective assistance cannot be based on decisions that relate to a reasoned choice of trial strategy, even when they later may be shown improvident. Id. Hernandez's counsel made a reasoned decision to stipulate to the facts. Counsel testified that he had reviewed the government's evidence himself and with Hernandez. Counsel advised Hernandez of the options of going to trial, pleading guilty without a plea agreement, and pleading guilty with a plea agreement. Based on Hernandez's desire to plead guilty and take responsibility, counsel crafted a strategy that he believed would benefit Hernandez at sentencing by demonstrating Hernandez's willingness to cooperate. Counsel testified that the stipulation of facts was intended to eliminate the need for additional testimony at sentencing on the issue of Hernandez's role. This, counsel believed, would have avoided the need for certain coconspirator testimony, which counsel felt would have had a negative cumulative effect on Hernandez at sentencing. Counsel ensured that Hernandez understood the stipulations and had Hernandez confirm their truthfulness. Moreover, counsel testified that the government's evidence supported the stipulations. The district court found that counsel's strategy to have Hernandez appear fully cooperative and remorseful was equally as sound as the alternative strategy of challenging the government's evidence and declining to enter into any factual stipulation.

Additional evidence demonstrates that counsel acted to minimize the extent of Hernandez's exposure to a role enhancement. Counsel successfully convinced the government to remove from the plea agreement the stipulation to a four-level role enhancement and to rewrite the factual stipulation describing Hernandez's role in the conspiracy such that it did not state that Hernandez was "the leader and organizer" of the drug trafficking organization. Further, the district court noted that counsel continued to provide sound representation in preparation for sentencing. Counsel, in

response to the presentence investigation report, objected to the attributed drug quantity, application of the four-level role enhancement, and Hernandez's criminal history category. Finally, the district court correctly concluded that it was not sufficient for Hernandez merely to demonstrate that an alternative course of action might have resulted in a similar outcome. See Strickland, 466 U.S. at 689 ("There are countless ways to provide effective assistance in any given case. Even the best criminal defense attorneys would not defend a particular client in the same way."); accord Nave v. Delo, 62 F.3d 1024, 1036 (8th Cir. 1995) (holding that counsel was not deficient even though counsel employed "a strategy that was unsuccessful or that might not have been adopted by a different attorney").

In light of our conclusion that the district court correctly found that counsel's performance was not deficient, we need not decide whether the district court applied the correct standard for demonstrating prejudice.[2] Regardless of which standard applies, the district court did not abuse its discretion in denying Hernandez's motion to withdraw his guilty plea.

III.

In sentencing Hernandez, the district court imposed a three-level increase to the base offense level under U.S.S.G. § 3B1.1 for Hernandez's role in the offense and denied a reduction under U.S.S.G. § 3E1.1 for acceptance of responsibility. On

---

[2]The district court applied the prejudice standard delineated in Hill v. Lockhart, 474 U.S. 52, 59 (1985)—that is, "the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hernandez believes that the district court should have applied the prejudice standard announced in Missouri v. Frye, 132 S. Ct. 1399, 1409 (2012)—that is, the defendant must "show a reasonable probability that the end result of the criminal process would have been more favorable by reason of a plea to a lesser charge or a sentence of less prison time."

-5-

appeal, Hernandez claims that neither ruling is supported by the evidence or by appropriate findings. We review for clear error the district court's factual findings underlying the imposition of a sentencing enhancement and the denial of a sentencing reduction. United States v. Bakhtiari, 714 F.3d 1057, 1061, 1062 (8th Cir. 2013) (per curiam).

## A.

Hernandez first contends that the district court erred by enhancing his offense level by three levels for his role as a manager or supervisor of an offense that involved five or more participants. See U.S.S.G. § 3B1.1. He does not dispute that the conspiracy involved five or more participants; rather, he argues that he was not a manager or supervisor because he was a middleman who had no control over any of his coconspirators. "We construe the terms 'manager' or 'supervisor' broadly under U.S.S.G. § 3B1.1." United States v. Davis, 583 F.3d 1081, 1097 (8th Cir. 2009) (quoting United States v. Rosas, 486 F.3d 374, 376 (8th Cir. 2007)). The Guidelines Manual directs the sentencing court to consider seven factors when determining whether a defendant played a managerial or supervisory role in an offense, including "the degree of control and authority exercised over others." U.S.S.G. § 3B1.1 cmt. n.4.

On several occasions, Hernandez directed his coconspirator to transport drugs and drug proceeds. See United States v. Cooper, 168 F.3d 336, 339 (8th Cir. 1999) (affirming a three-level enhancement when the defendant gave instructions to coconspirators "regarding transporting, purchasing, and/or selling controlled substances"). He provided his coconspirator with the drugs for transport and with the numbers of bank accounts in which to deposit the drug proceeds. The fact that Hernandez reported to others in the conspiracy does not negate his role in managing and supervising the activities of a coconspirator. See United States v. Moreno, 679 F.3d 1003, 1004 (8th Cir. 2012) (per curiam) (affirming a three-level enhancement

-6-

when the defendant acted as the conspiracy's leader's "eyes and ears" by ensuring that "the operation went according to plan and that the proceeds got back to California"). Given these facts, the district court's finding that Hernandez was a manager or supervisor was not clearly erroneous.

## B.

According to Hernandez, the district court erred in denying an offense-level reduction for acceptance of responsibility. When a defendant "clearly demonstrates acceptance of responsibility," the district court may decrease the defendant's offense level by two. U.S.S.G. § 3E1.1(a). "A defendant's attempt to withdraw his guilty plea may be evidence that he did not accept responsibility for his offense." Bastian, 603 F.3d at 465; see also United States v. Gaines, 187 F. App'x 658, 661 (8th Cir. 2006) (per curiam) (concluding that an attempt to withdraw a plea agreement is "plainly inconsistent with acceptance of responsibility and could have justified the denial of *any* reduction under [U.S.S.G.] § 3E1.1"); United States v. Passmore, 984 F.2d 933, 938 (8th Cir. 1993) (affirming the denial of an acceptance of responsibility reduction based solely on the defendant's attempt to withdraw his guilty plea). In determining whether to reduce a defendant's offense level for acceptance of responsibility, a district court may consider whether the defendant "truthfully admitt[ed] the conduct comprising the offense(s) of conviction, and truthfully admitt[ed] or not falsely den[ied] any additional relevant conduct for which the defendant is accountable under § 1B1.3 (Relevant Conduct)." U.S.S.G. § 3E1.1 cmt. n.1(A).

The district court found that Hernandez's attempt to withdraw his plea showed that he had not accepted responsibility. Hernandez acknowledged his criminal activity in the stipulation of facts attached to his plea agreement. Nevertheless, at the hearing on Hernandez's motion to withdraw his guilty plea, Hernandez's counsel asserted Hernandez's innocence and requested that a trial be scheduled. Hernandez

attempted to withdraw his guilty plea because he believed that the government should be forced to meet its burden of proving the facts set forth in the stipulation even though the government's evidence supported the stipulations and Hernandez confirmed the stipulations were true. That motive is inconsistent with the Guidelines' requirement that "the defendant clearly demonstrate[] acceptance of responsibility for his offense." U.S.S.G. § 3E1.1(a). The guilty plea itself did not entitle Hernandez to a reduction in sentence "as a matter of right." U.S.S.G. § 3E1.1 cmt. n.3. Moreover, Hernandez testified that he had lied to agents during a debriefing session about whether he ever resided in Iowa. His residency in Iowa bore on the issue of his relationship with his coconspirators. The district court's ruling that Hernandez had not demonstrated an acceptance of responsibility for his crime thus was not clearly erroneous.

IV.

We affirm the conviction and the sentence.

_____