# United States Court of Appeals
## For the Eighth Circuit

_____

No. 15-3904

_____

United States of America

*Plaintiff - Appellee*

v.

Nathaniel Burns

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Southern District of Iowa - Davenport

_____

Submitted: September 7, 2016
Filed: October 12, 2016
[Unpublished]

_____

Before COLLOTON, BOWMAN, and GRUENDER, Circuit Judges.

_____

PER CURIAM.

After Nathaniel Burns pleaded guilty to a drug conspiracy offense, the District Court[1] sentenced him to 240 months in prison, representing a downward variance

_____

[1]The Honorable Stephanie M. Rose, United States District Judge for the Southern District of Iowa.

from the calculated Guidelines range. Burns appeals, and his counsel has filed a brief under Anders v. California, 386 U.S. 738 (1967), challenging the drug-quantity calculation; the assessment of enhancements for possessing a firearm, aggravating role, and a pattern of criminal conduct engaged in as a livelihood; and the denial of an acceptance-of-responsibility adjustment. In pro se supplemental filings, Burns challenges the denial of his motion to withdraw his guilty plea and further challenges the firearm enhancement in light of Johnson v. United States, 135 S. Ct. 2551 (2015). For the reasons that follow, we affirm.

We review a district court's Guidelines determinations de novo and the underlying factual findings for clear error. United States v. Turner, 781 F.3d 374, 393 (8th Cir.), cert. denied, 136 S. Ct. 208, 280, 493 (2015). We have reviewed the record, including the testimony of law enforcement officials, confidential informants, and cooperating witnesses introduced during the two-day sentencing hearing. We uphold the District Court's conservative drug-quantity finding, which was based on testimony that the court deemed credible regarding drug quantities obtained from a supplier, converted into cocaine base, and redistributed. See U.S. Sentencing Guidelines Manual § 2D1.1(c)(3); United States v. Young, 689 F.3d 941, 945 (8th Cir. 2012), cert. denied, 133 S. Ct. 902, 1475 (2013). Similarly, the enhancements for possession of a firearm, aggravating role, and commission of the offense as part of a pattern of criminal conduct engaged in as a livelihood were all supported by witness testimony that the District Court found credible. See U.S. Sentencing Guidelines Manual §§ 2D1.1(b)(1), (b)(15)(E) & cmt. n.20(C); 3B1.1(a); 4B1.3 cmt. nn.1–2; United States v. Savage, 414 F.3d 964, 966 (8th Cir. 2005) (discussing dangerous-weapon enhancement); United States v. Vasquez, 552 F.3d 734, 737 (8th Cir. 2009) (discussing aggravating-role enhancement); United States v. Morris, 791 F.3d 910, 914–15 (8th Cir. 2015) (discussing assessment for "a pattern of criminal conduct engaged in as a livelihood"). We also affirm the District Court's decision to deny an acceptance-of-responsibility adjustment, given the timing of Burns's guilty plea, his attempt to withdraw the plea, and his denial of offense conduct. See United

States v. Rodriguez, 741 F.3d 908, 912–13 (8th Cir.), cert. denied135 S. Ct. 133 (2014).

As for Burns's pro se arguments, we find no support in the record for his allegations that the District Court improperly participated in plea negotiations. Further, we find no abuse of discretion in the District Court's decision—made following a hearing—to deny Burns's request to withdraw his guilty plea based on his misgivings about sentencing and a belief that his attorney could counter certain prosecution evidence.  See United States v. Alvarado, 615 F.3d 916, 920–21 (8th Cir. 2010).  Finally, the Supreme Court's Johnson decision that Burns cites has no application to his offense-level enhancement for possession of a firearm.

We have independently reviewed the record under Penson v. Ohio, 488 U.S. 75, 80 (1988), and we find no nonfrivolous issues for review.  Accordingly, we affirm the judgment of the District Court, and we grant counsel's motion to withdraw and Burns's motion to supplement his brief.

_____