# United States Court of Appeals

### For the Eighth Circuit

_____

No. 21-3078
_____

United States of America

*Plaintiff - Appellee*

v.

Eric Winston McAtee

*Defendant - Appellant*
_____

Appeal from United States District Court
for the Southern District of Iowa - Central
_____

Submitted: April 11, 2022
Filed: June 9, 2022
[Unpublished]
_____

Before SMITH, Chief Judge, WOLLMAN and GRASZ, Circuit Judges.
_____

PER CURIAM.

Eric Winston McAtee pleaded guilty to one count of possessing with intent to distribute a mixture and substance containing a detectable amount of methamphetamine and a substance containing a detectable amount of marijuana, a violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C), and 841(b)(1)(D); and one count

of possessing a firearm in furtherance of a drug trafficking crime, a violation of 18 U.S.C. § 924(c)(1)(A)(i). The government agreed to move for a third-point reduction in McAtee's offense level under U.S. Sentencing Guidelines § 3E1.1(b), in addition to the two points provided for in § 3E1.1(a). Over McAtee's objection, the district court[1] at sentencing denied the third-point reduction, resulting in a Guidelines range of 51 to 63 months' imprisonment for Count 1. Had the court awarded the third point, the Guidelines range would have been 46 to 57 months' imprisonment. The district court ultimately varied downward, sentencing McAtee to 24 months' imprisonment on Count 1 and the statutory mandatory minimum 60 months' imprisonment on Count 2, to run consecutively.

McAtee argues that the district court clearly erred by denying the third-point reduction in his offense level under § 3E1.1(b). See United States v. Jordan, 877 F.3d 391, 393 (8th Cir. 2017) (standard of review). The application notes to the Guidelines provide that the district court "should grant" the government's motion under § 3E1.1(b) when it determines that the defendant "timely notif[ied] authorities of his intention to enter a plea of guilty, thereby permitting . . . the court to allocate [its] resources efficiently." U.S.S.G. § 3E1.1 cmt. n.6. McAtee notified the court of his intent to plead guilty on April 7, 2021, well after the court's plea-notification deadline of January 22, 2021, and less than a month before his case was slated to proceed to trial. The district court observed at sentencing that it had moved other defendants' trials to accommodate McAtee's firm-trial date, disrupting the district court's calendar that was already particularly crowded because of the COVID-19 pandemic. Indeed, the district court had already begun preparing for trial and ruling on motions in limine before learning of McAtee's intent to plead guilty. In light of these facts, the district court did not clearly err by concluding that McAtee had not permitted the court to allocate its resources efficiently and in denying him the third-

---

[1]The Honorable Rebecca Goodgame Ebinger, United States District Judge for the Southern District of Iowa.

point reduction.  See United States v. Worth, 152 F. App'x 549, 551 (8th Cir. 2005) (per curiam) (affirming denial of third acceptance point because "the court's allocation of resources was affected by [defendant's] actions").

Moreover, any error was harmless in light of the district court's explanation that it would have imposed the same below-Guidelines sentence regardless of whether it awarded the third-point reduction.  See United States v. Dace, 842 F.3d 1067, 1069 (8th Cir. 2016) (per curiam) ("[W]hen a district court's detailed explanation for the sentence imposed makes 'clear that the judge based the sentence he or she selected on factors independent of the Guidelines,' the error may be harmless." (quoting United States v. Molina-Martinez, 578 U.S. 189, 200 (2016)).  The court arrived at the sentence based on careful consideration of aggravating and mitigating factors under 18 U.S.C. § 3553(a) and clarified that McAtee's counsel's failure to adhere to court-set deadlines did not affect McAtee's sentence.

We deny as moot McAtee's motion to supplement the record.  We deny McAtee's motion to strike the government's response brief.  See United States v. Winters, 411 F.3d 967, 975 (8th Cir. 2005) (plea agreement did not limit the government's response to issues on appeal).

The judgment is affirmed.

_____