# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 10-1721

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Eastern District of Arkansas. |
| Bruce Listman, | * | |
| | * | |
| Appellant. | * | |

_____

Submitted: December 17, 2010
Filed: April 12, 2011

_____

Before RILEY, Chief Judge, BEAM and BENTON, Circuit Judges.

_____

RILEY, Chief Judge.

A jury convicted Bruce Listman of conspiracy to possess with intent to distribute at least 500 grams of methamphetamine in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A) and 846. Listman appeals, arguing there was insufficient evidence to support the conviction. Listman also challenges the district court's[1] evidentiary rulings and inclusion of a deliberate ignorance jury instruction. We affirm.

_____

[1]The Honorable Susan Webber Wright, United States District Judge for the Eastern District of Arkansas.

## I.  BACKGROUND

### A.  Facts[2]

From approximately March to November 2008, Listman was a courier for the Valdovinos drug trafficking organization.  Candice Russell recruited Listman to drive with her from California to Arkansas because she did not have a driver's license.

Russell and Listman drove vehicles modified to include a trap door concealing a hidden compartment.  The vehicles carried methamphetamine to Arkansas and cash back to California.  Listman and Russell deny knowing the specific locations of the traps.

Listman accompanied Russell on four trips.[3]  Russell did not tell Listman they were smuggling drugs during their first trip to Arkansas.  During their second trip, Russell told Listman "what was going on . . . [b]ecause it wasn't right for him not to know."  Russell received approximately $2500 per round-trip.  In turn, Russell paid Listman $1000 per trip in addition to methamphetamine.

Starting in September 2008, the offices of the United States Department of Justice Drug Enforcement Agency (DEA) in California and in Arkansas began investigating the Valdovinos drug trafficking organization, surveilling and arresting various participants.  During the investigation, the DEA identified Russell as a courier.

On November 21, 2008, California Highway Patrol Officer Anthony Cichella, acting on DEA information relayed to him from an area police department, stopped a

---

[2]"We recite the facts in the light most favorable to the jury's verdict[]."  United States v. Clay, 618 F.3d 946, 948 n.2 (8th Cir. 2010) (quoting White v. McKinley, 605 F.3d 525, 528 (8th Cir. 2010)) (internal quotation marks omitted).

[3]Listman did not return with Russell on the first trip, opting instead to fly home to California.

gray Toyota Corolla traveling westbound on Interstate 10 near Fontana, California. Russell was driving the vehicle and Listman was a passenger. Russell consented to a search of the vehicle. With a drug dog's assistance, Officer Cichella discovered a trap over a modified compartment under the rear bench seat. The trap contained a crystalline residue, which Officer Cichella believed to be methamphetamine.

During the encounter, Officer Cichella observed Listman was fidgety, moody, easily agitated, and at times uncooperative. This led Officer Cichella to conclude Listman "was definitely under the influence." Officer Cichella did not conduct a field sobriety test and did not arrest Listman for being under the influence of a controlled substance. Officer Cichella took both Russell and Listman to the police station and seized the Corolla.

## B.    Prior Proceedings

A federal grand jury charged Listman with conspiracy to possess with intent to distribute methamphetamine in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A) and 846.[4] Listman moved to suppress evidence of Officer Cichella's discovery of the trap, arguing the stop and search violated his Fourth Amendment rights. Alternatively, Listman moved in limine to exclude evidence of the trap, contending "testimony that he was a passenger in a vehicle which contained a hidden compartment which police suspected of being used to transport drugs would unduly prejudice his defense." The district court denied both motions.

A three-day jury trial began on January 19, 2010. Law enforcement officers and four co-conspirators, including Russell, testified for the government. At trial, Listman objected to Officer Cichella's observation that Listman was under the influence of drugs during the traffic stop, arguing Listman's drug use was not relevant. The district

---

[4]This indictment superseded an already existing indictment against other participants in the conspiracy. In January 2010, a grand jury returned a second superseding indictment, charging Listman with the same crime.

court ultimately found the evidence admissible because "although [Listman's] personal use of methamphetamine does not lead to the conclusion that he must have been involved in a conspiracy, it does show . . . that methamphetamine was . . . in his presence . . . [a]nd . . . would indicate he had some knowledge." At Listman's request, the court instructed the jury "if you believe . . . Listman used methamphetamine . . . you may not just from that alone conclude that he was involved in a conspiracy . . . to possess with intent to distribute."

At the close of the government's case, the district court denied Listman's Fed. R. Crim. P. 29 motion for a judgment of acquittal. Listman testified in his own defense. Before closing arguments, Listman objected to the district court's inclusion of a deliberate ignorance jury instruction. The district court overruled the objection and included the instruction. The jury found Listman guilty. Listman appeals.

## II.   DISCUSSION
### A.   Sufficiency of the Evidence

Listman claims the evidence supporting his conviction was insufficient. We "review[] sufficiency of the evidence de novo and reverse[] only if no reasonable jury could have found the defendant guilty." Clay, 618 F.3d at 950. We must sustain a conviction when the evidence, viewed most favorably to the government, substantially supports the verdict. See id.

To convict Listman of conspiracy to distribute methamphetamine, "the government must prove: (1) that there was a conspiracy, i.e., an agreement to distribute [methamphetamine]; (2) that [Listman] knew of the conspiracy; and (3) that [Listman] intentionally joined the conspiracy." United States v. Rolon-Ramos, 502 F.3d 750, 754 (8th Cir. 2007) (quoting United States v. Jiminez, 487 F.3d 1140, 1146 (8th Cir. 2007)) (internal quotation marks omitted). Listman concedes there was a conspiracy, but argues the government failed to prove he knew of or intentionally joined the conspiracy.

-4-

The evidence was sufficient for the jury to conclude Listman knew he was transporting methamphetamine. Russell testified she told Listman they were transporting drugs, and it was the jury's prerogative to believe her. "The jury is the final arbiter of the witnesses' credibility, and we will not disturb that assessment." United States v. Hayes, 391 F.3d 958, 961 (8th Cir. 2004). The government also produced circumstantial evidence—such as Russell paying Listman cash and methamphetamine, and Russell and Listman using methamphetamine together during the trip—supporting an inference Listman knew he was transporting drugs.

Listman argues "a person who is caught driving a car full of drugs does not possess them in a legal sense if he did not know what he had." See United States v. Mendoza-Larios, 416 F.3d 872, 873-74 (8th Cir. 2005) (noting legal possession could not be inferred based solely on the defendant driving a car containing large quantities of hidden illegal drugs). This proposition, while true, is inapplicable here because the jury heard direct and circumstantial evidence demonstrating Listman *knew* he was transporting methamphetamine. See United States v. Ojeda, 23 F.3d 1473, 1476 (8th Cir. 1994) (holding direct and circumstantial evidence supported finding driver was aware of the presence of drugs within the vehicle). It is not necessary to prove Listman knew exactly where in the vehicle the drugs were hidden.

## B.    Motion in Limine

Listman argues "the trial court erred in denying Listman's motion in limine and objections at trial" to Officer Cichella's testimony regarding the vehicle stop. Specifically, Listman challenges Officer Cichella's testimony regarding the existence of the hidden trap and his assessment that Listman was under the influence of drugs.

"We review the district court's evidentiary ruling for clear abuse of discretion, and will not reverse if the error was harmless." United States v. Hyles, 479 F.3d 958, 968 (8th Cir. 2007) (internal citation omitted). "The trial court has broad discretion in determining the relevancy and admissibility of evidence" and "great deference is given

-5-

to a district court's balancing of the relative value of a piece of evidence and its prejudicial effect." United States v. Zierke, 618 F.3d 755, 759 (8th Cir. 2010) (quoting Jiminez, 487 F.3d at 1145) (internal quotation marks omitted); see also United States v. Emmanuel, 112 F.3d 977, 979 (8th Cir. 1997) ("The district court's discretion is particularly broad in the context of a conspiracy trial.")

We perceive no reversible error here. The very existence of the hidden trap was probative as to whether Listman participated in the conspiracy and the danger of unfair prejudice, if any, did not substantially outweigh this probative value. See Fed. R. Evid. 403. "[E]vidence is not unfairly prejudicial merely because it tends to prove a defendant's guilt." United States v. Boesen, 541 F.3d 838, 849 (8th Cir. 2008).

Neither are we persuaded the admission of Officer Cichella's assessment that Listman was under the influence of drugs was an abuse of discretion. The district court found this assertion probative of Listman's knowledge that he was transporting methamphetamine. The officer's assessment also corroborated Russell's testimony that Russell and Listman discussed methamphetamine, Russell paid Listman, in part, with methamphetamine, and they used methamphetamine during the trips. Considering the court's accompanying cautionary instruction that the jury could not conclude Listman was involved in the conspiracy based solely upon Listman's use of drugs, we find no abuse of discretion. See United States v. Davidson, 449 F.3d 849, 853 (8th Cir. 2006) (noting a cautionary instruction to the jury diminished the risk of unfair prejudice to the defendant). Regardless, any error was harmless. It is difficult to imagine the challenged evidence substantially influenced the verdict, see United States v. Donnell, 596 F.3d 913, 919 (8th Cir. 2010), particularly because Listman admitted he often used methamphetamine with Russell, and on at least one occasion during their trips to Arkansas, Russell started to smoke methamphetamine.

-6-

## C. Jury Instruction

Listman argues the district court erred in instructing the jury on a theory of deliberate ignorance consistent with Eighth Circuit Model Criminal Jury Instruction 7.04 (2007), contending "there is absolutely no evidence that Listman deliberately avoided learning about the drug conspiracy." We disagree.

We review the inclusion of a jury instruction for an abuse of discretion and consider whether any error was harmless. See United States v. Hernandez-Mendoza, 600 F.3d 971, 979 (8th Cir. 2010). "A deliberate ignorance instruction is appropriate when the evidence is sufficient to support a jury's conclusion that 'the defendant had either actual knowledge of the illegal activity or deliberately failed to inquire about it before taking action to support the activity.'" Id. (quoting United States v. Whitehill, 532 F.3d 746, 751 (8th Cir. 2008)). "Ignorance is deliberate if the defendants were presented with facts putting them on notice criminal activity was particularly likely and yet intentionally failed to investigate." Whitehill, 532 F.3d at 751. It is "not appropriate if the evidence implies defendants could only have had 'either actual knowledge or no knowledge of the facts in question.'" Id. (quoting United States v. Parker, 364 F.3d 934, 946 (8th Cir. 2004)).

As discussed above, Russell's testimony and other evidence supported a conclusion Listman knew he was transporting methamphetamine. The jury could have disbelieved Russell and still concluded Listman knew it was likely he was transporting drugs and chose to remain ignorant. Listman contends, "There is no reason to believe that a methamphetamine user like [Listman] could conduct an investigation worthy of Sherlock Holmes and discover the existence of a multi-level conspiracy to transport methamphetamine." To the contrary, we deduce it is elementary that someone recruited to drive across the country on multiple occasions in exchange for cash and drugs would suspect criminal activity was afoot. Listman's own testimony that he wondered whether Russell had methamphetamine on her "[b]ecause she used so much more [methamphetamine] than anyone [Listman had] known before" is strong evidence

-7-

Listman had some notice. The deliberate ignorance instruction was appropriate, and giving the instruction was not an abuse of discretion.

## III. CONCLUSION

We affirm the judgment of the district court.

_____