# United States Court of Appeals

## FOR THE EIGHTH CIRCUIT

_____

No. 10-3710

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Plaintiff - Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Eastern District of Missouri. |
| Robert Cole, | * | |
| | * | [PUBLISHED] |
| Defendant - Appellant. | * | |

_____

Submitted: September 19, 2011
Filed: October 5, 2011

_____

Before LOKEN, BEAM, and MURPHY, Circuit Judges.

_____

PER CURIAM.

Robert Cole pled guilty to conspiracy to distribute and possess with intent to distribute cocaine and cocaine base in violation of 21 U.S.C. § 841(a)(1) and § 846. At sentencing the district court[1] applied a three level enhancement under U.S.S.G. § 3B1.1(b) after finding that Cole had played a managerial or supervisory role in the conspiracy. He was then sentenced to 180 months, a downward variance from his guideline range of 188 to 235 months. Cole appeals, arguing that the district court

_____

[1]The Honorable Catherine D. Perry, Chief Judge, United States District Court for the Eastern District of Missouri.

erred in applying the enhancement and that his sentence was unreasonable. We affirm.

Cole stipulated in his plea agreement that as part of the conspiracy he "transported and/or directed the transportation of [cocaine]" from Chicago to St. Louis where coconspirators would convert it to crack and sell it; he would then transport the proceeds back to Chicago. He also admitted that because he had a suspended driver's license he "would have co-defendant Shakeeta Henley . . . drive him to Saint Louis to deliver controlled substances and pick up U.S. currency." On one occasion, police stopped Cole and Henley as they were driving to Chicago and found $28,420. Another time, police seized 672.5 grams of crack and 488 grams of cocaine after stopping Cole, Henley, and two other conspirators driving toward St. Louis. Cole agrees that he is responsible for approximately 1.5 kilograms of cocaine powder and 672.5 grams of crack.

At sentencing the district court concluded that Cole's role in the conspiracy was "significant," found that the facts "support[ed] the enhancement of him as a manager or supervisor of an organization involving five or more individuals," and applied the three level enhancement under U.S.S.G. § 3B1.1(b). The court then calculated Cole's total offense level at 32 and his criminal history category at V, producing a guideline range of 188 to 235 months. After considering the guideline range and the 18 U.S.C. § 3553(a) factors, the court sentenced Cole to 180 months.

Cole first argues that the district court improperly applied the enhancement for managers or supervisors. A district court's factual findings, "including its determination of a defendant's role in the offense," are reviewed for clear error. United States v. Cosey, 602 F.3d 943, 947 (8th Cir. 2010) (quotation omitted). Under U.S.S.G. § 3B1.1(b), a defendant's offense level may be increased by three levels if he was a "manager or supervisor (but not an organizer or leader) and the criminal activity involved five or more participants or was otherwise extensive." The terms

"manager" and "supervisor" are construed broadly under the guidelines. United States v. Erhart, 415 F.3d 965, 973 (8th Cir. 2005). The sentencing court considers factors such as the "exercise of decision making authority, the nature of participation in the commission of the offense, the recruitment of accomplices, . . . the nature and scope of the illegal activity, and the degree of control and authority exercised over others." U.S.S.G. § 3B1.1 cmt. n.4. A person who merely "fronts" drugs does not qualify for this enhancement, see for example, United States v. Del Toro-Aguilera, 138 F.3d 340, 343 (8th Cir. 1998), but it may be applied to one who controls another participant in a drug trafficking offense. United States v. Payton, 636 F.3d 1027, 1048 (8th Cir. 2011).

The evidence supports the district court's application of the enhancement. Cole admitted that he "transported and/or directed the transportation" of the drugs to St. Louis and that he "would have co-defendant Shakeeta Henley . . . drive him to St. Louis" to deliver drugs. These admissions establish that he directed and controlled Henley as part of the conspiracy. Moreover, Cole admitted handling large quantities of drugs and money, supporting the district court's finding that his role in the conspiracy was "significant." Given these facts, the district court's conclusion that Cole was a manager or supervisor was not clearly erroneous.

Cole also argues that his below guideline sentence is substantively unreasonable because he had not previously served significant prison time and the other coconspirators received much lower sentences. The substantive reasonableness of a sentence is reviewed under a "deferential abuse-of-discretion standard." United States v. Coleman, 635 F.3d 380, 382 (8th Cir. 2011) (quotation omitted). A court abuses its discretion if it "fails to consider a relevant factor that should have received significant weight, gives significant weight to an improper or irrelevant factor, or considers only the appropriate factors but commits a clear error of judgment in weighing those factors." United States v. Bryant, 606 F.3d 912, 921 (8th Cir. 2010) (quotation omitted). It is "nearly inconceivable" to conclude that a sentence was

substantively unreasonable where a district court sentenced a defendant below the advisory guideline range. United States v. McKanry, 628 F.3d 1010, 1022 (8th Cir. 2011) (quotation omitted).

The district court did not abuse its discretion in sentencing Cole to 180 months, 8 months below the guideline range. The district court properly examined the statutory factors. It considered Cole's history and characteristics, including letters submitted by his family. It also noted that he had had eight previous convictions, four of them involving drugs, and expressed concern that his criminal history showed "a pattern of behavior of not learning the lesson and increasing levels of seriousness of the crime." The court considered the seriousness of Cole's current offense, noting that he was "responsible for very large quantities of drugs as well as using others." While the charged coconspirators received lower sentences, the district court here determined that Cole's 180 month sentence was "necessary to reflect the seriousness of the crime and to protect the public from further crimes" by Cole and "to deter others from similar conduct." We conclude that the district court's below guideline sentence is not substantively unreasonable.

Accordingly, the judgment of the district court is affirmed.

_____