# United States Court of Appeals
## For the Eighth Circuit

_____

No. 12-1265

_____

United States of America

*Plaintiff - Appellee*

v.

Diana Belinda Gamboa

*Defendant - Appellant*

_____

Appeal from United States District Court
for the District of North Dakota - Fargo

_____

Submitted: October 15, 2012
Filed: December 5, 2012

_____

Before LOKEN, SMITH, and BENTON, Circuit Judges.

_____

BENTON, Circuit Judge.

Diana Belinda Gamboa pled guilty to one count of conspiring to distribute (and to possess with intent to distribute) methamphetamine, in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2. The district court[1] sentenced her to 120 months'

_____

[1]The Honorable Ralph R. Erickson, Chief Judge, United States District Court for the District of North Dakota.

imprisonment.  She appeals, arguing the district court erred in denying safety-valve relief and an opportunity to withdraw her guilty plea.  Having jurisdiction under 28 U.S.C. § 1291, this court affirms.

Gamboa gave information to law enforcement under a proffer agreement.  After initially pleading guilty, she moved to withdraw her plea, but then withdrew her motion at sentencing.  The district court denied a safety-valve reduction under 18 U.S.C. § 3553(f), finding that she was a "supervisor" under USSG § 3B1.1(c) and that she gave incomplete and false information in her proffer.

Gamboa argues that the district court should have granted safety-valve relief. "The district court's factual findings, including its determination of a defendant's role in the offense, are reviewed for clear error, while its application of the guidelines to the facts is reviewed de novo."  *United States v. Gaines*, 639 F.3d 423, 427-28 (8th Cir. 2011).

Gamboa must meet five criteria for safety-valve relief.  *United States v. Alvarado-Rivera*, 412 F.3d 942, 944-45 (8th Cir. 2005) (en banc).  At issue are the last two requirements:

> (4) [she] was not an organizer, leader, manager, or supervisor of others in the offense . . . and was not engaged in a continuing criminal enterprise . . . and
>
> (5) not later than the time of the sentencing hearing, [she] . . . truthfully provided to the Government all information and evidence [she] ha[d] concerning the offense . . . that w[as] part of the same course of conduct or of a common scheme or plan . . . .

**18 U.S.C. § 3553(f)(4)-(5)**.

Gamboa contends that the district court erred in finding that she was a supervisor of the conspiracy. *See* **USSG § 3B1.1(c)**. The government must prove "by a preponderance of the evidence that the [manager or supervisor] enhancement is warranted." *Gaines*, 639 F.3d at 427. "[M]erely distributing or selling drugs is not sufficient for [the] . . . enhancement." *United States v. Lopez*, 431 F.3d 313, 318 (8th Cir. 2005). However, "it is only necessary that the defendant supervise or manage one other participant." *United States v. Johnson*, 619 F.3d 910, 921 (8th Cir. 2010). The term "'supervisor' [is] to be construed broadly." *United States v. Richart*, 662 F.3d 1037, 1045-46 (8th Cir. 2011). The sentencing court may consider, inter alia, "the nature of participation in the commission of the offense, . . . the nature and scope of the illegal activity, and the degree of control and authority exercised over others." **USSG § 3B1.1 cmt. n.4**; *see United States v. Vasquez*, 552 F.3d 734, 737-38 (8th Cir. 2009) (upholding enhancement where the defendant sold meth at a set price and occasionally purchased an ingredient used to manufacture meth); *Gaines*, 639 F.3d at 428-29 (upholding enhancement under similar facts); *United States v. Cole*, 657 F.3d 685, 687-88 (8th Cir. 2011) (upholding enhancement where the defendant "directed and controlled [another] as part of the conspiracy" and "handled large quantities of drugs and money").

According to the testimony here, Gamboa directed a co-conspirator to buy seven ounces (almost 200 grams) of meth. *Cf. United States v. Vega*, 676 F.3d 708, 715, 721 (8th Cir. 2012) (holding that 8.6 grams of meth was a distribution amount); *United States v. Atkinson*, 85 F.3d 376, 378 (8th Cir. 1996) ("[B]y merely selling a controlled substance to an individual [for personal use], the seller [does not] . . . necessarily become[] the manager or supervisor of the buyer."). A number of times, Gamboa directed another man to sell meth and then collected the money from him. Thus, she "control[led] another participant in [the] drug trafficking offense." *Cole*, 657 F.3d at 687; *Lopez*, 431 F.3d at 318 (upholding enhancement where the defendant asked his roommate "to serve as a lookout on one occasion").

Gamboa attacks the credibility of the government's witnesses. "Credibility determinations . . . are virtually unreviewable on appeal . . . and [the district court may choose] between two permissible views of the evidence . . . ." **United States v. Garcia**, 512 F.3d 1004, 1006 (8th Cir. 2008). The district court did not clearly err in finding Gamboa was a supervisor of the conspiracy and denying safety-valve relief.[2]

Gamboa also claims that the district court erred in denying her an opportunity to withdraw her guilty plea. The government contends that by withdrawing her motion to withdraw her guilty plea, she waived her right to raise this argument on appeal, because she "intentional[ly] relinquish[ed] . . . a known right." **United States v. Harrison**, 393 F.3d 805, 806 (8th Cir. 2005), *quoting* **United States v. Olano**, 507 U.S. 725, 733 (1993). "Only when the right is inadvertently left unasserted is the defendant saved by Rule 52(b)'s plain error review." **United States v. Thompson**, 289 F.3d 524, 527 (8th Cir.2002).

At the sentencing hearing, the court explained to Gamboa the consequences of withdrawing her guilty plea and then recessed to allow her to consult with counsel. After the recess, defense counsel said they had discussed the "difficult likelihood of success" if she withdrew her guilty plea. He then stated:

> She has decided at this point in time, with the Court's permission and if there's no objection from the United States, that at this time she will withdraw her motion to withdraw her guilty plea and she sits before the Court prepared as best she can be to proceed with sentencing.

The government did not object. The court engaged in a colloquy with Gamboa on these issues. She repeatedly affirmed her desire to withdraw her motion. Thus,

---

[2]Alternatively, Gamboa gave incomplete and false information in her proffer for the reasons stated by the district court. *See* **8th Cir. R. 47B**; **United States v. Gamboa**, No. 3:10-cr-49-7 at 67 (D.N.D. Jan. 19, 2012) (Resentencing Tr.).

Gamboa knowingly and voluntarily withdrew her motion and "is precluded from arguing [her claim] on appeal." *Id.*

\* \* \* \* \* \* \*

The judgment of the district court is affirmed.

_____