# United States Court of Appeals
## For the Eighth Circuit

_____

No. 12-2645

_____

United States of America

*Appellee*

v.

Jose Maria Murillo

*Appellant*

_____

Appeal from United States District Court
for the Southern District of Iowa

_____

Submitted: January 14, 2013
Filed: January 29, 2013
[Unpublished]

_____

Before MURPHY, ARNOLD, and COLLOTON, Circuit Judges.

_____

PER CURIAM.

Jose Murillo appeals from the sentence of 235 months' imprisonment that the district court[1] imposed after he pleaded guilty to possessing methamphetamine with the intent to distribute it. *See* 21 U.S.C. § 841(a)(1), (b)(1)(A).

_____

[1]The Honorable James E. Gritzner, Chief Judge, United States District Court for the Southern District of Iowa.

Mr. Murillo maintains that the district court incorrectly enhanced his sentence for being a manager of an enterprise that involved five participants. *See* U.S.S.G. § 3B1.1(b). But, first of all, the record contains more than sufficient evidence to conclude that Mr. Murillo was involved in an enterprise that involved himself, suppliers, an assistant, and at least one other person to whom he repeatedly sold distribution amounts. And the record also supports a finding that Mr. Murillo was a manager because he controlled his assistant, determined his assistant's compensation, and kept far more of the proceeds of sales in which his assistant participated than his assistant did. *See United States v. Payton*, 636 F.3d 1027, 1048-49 (8th Cir. 2011), *cert. denied*, 132 S. Ct. 349 (2011); *United States v. Cole*, 657 F.3d 685, 686-88 (8th Cir. 2011) (per curiam); U.S.S.G. § 3B1.1 comment. (n. 4).

Mr. Murillo also asserts that his sentence is unreasonable. But the district court's sentence was at the very low end of the applicable guideline range, and during sentencing the district court adverted to the considerations in 18 U.S.C. § 3553(a) that guide the determination of an appropriate sentence. The court also heard argument and was familiar with the defendant's sentencing memorandum, the PSR, and letters that Mr. Murillo had submitted. We see no abuse of discretion here, and note that it will be a very unusual case indeed where we would discern such an abuse when the sentence imposed is within the applicable guideline range. *See United States v. Feemster*, 572 F.3d 455, 464 (8th Cir. 2009) (en banc).

Affirmed.

_____