# United States Court of Appeals
## For the Eighth Circuit

_____

No. 20-3232
_____

United States of America

*Plaintiff - Appellee*

v.

Raul Martinez

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Western District of Arkansas - Fayetteville

_____

Submitted: September 20, 2021
Filed: November 22, 2021
[Unpublished]

_____

Before SHEPHERD, WOLLMAN, and KOBES, Circuit Judges.

_____

PER CURIAM.

After he pled guilty to one count of distributing 500 or more grams of methamphetamine, the district court[1] sentenced Raul Martinez to 210 months imprisonment. Martinez appeals his sentence, asserting that the district court, in

---

[1]The Honorable Timothy L. Brooks, United States District Judge for the Western District of Arkansas.

calculating the appropriate United States Sentencing Guidelines (USSG) range, erroneously applied a two-level base offense level enhancement for being an organizer, leader, manager, or supervisor of the crime. Having jurisdiction under 28 U.S.C. § 1291, we affirm.

Martinez's conviction arises from his sale of 3 pounds of methamphetamine to a confidential source in exchange for $15,000, which the confidential source agreed to pay at a later date. When Martinez and the confidential source met, both remained in their vehicles and Martinez passed the source three individually wrapped one-pound packages. After the transaction, the confidential source turned over the three packages and an audio recording of the encounter to police. Laboratory testing revealed that the packages contained 1306.2 grams of methamphetamine. Martinez was subsequently indicted, along with two co-defendants, for conspiracy to possess with the intent to distribute a mixture or substance that contained a detectable amount of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and 846. Martinez was also individually charged with one count of distribution of 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A)(viii). Martinez subsequently entered a guilty plea to the distribution count, pursuant to a written plea agreement.

The Presentence Investigation Report (PSR) prepared by the United States Probation Office recommended a two-level base offense level increase pursuant to USSG § 2D1.1(b)(12) for maintaining a premises for distributing controlled substances and a two-level base offense level increase pursuant to USSG § 3B1.1(c) for Martinez's role as an organizer, leader, manager, or supervisor of the criminal activity. At sentencing, Martinez objected to the application of the latter aggravating role enhancement. The district court discussed Martinez's objection, noting that while Martinez objected to the PSR paragraphs recommending the enhancement, he did not object to any of the paragraphs providing the underlying factual basis for application of the enhancement. These unobjected-to paragraphs detailed the size and scale of the distribution operation, described how two unindicted co-

conspirators lived in a house that was titled in Martinez's name, and explained that Martinez had an agreement with his brother to store methamphetamine at his brother's residence to avoid detection. Based on the unobjected-to portions of the PSR, the district court overruled Martinez's objection and applied the two-level enhancement. After applying the enhancements for maintaining a premises for distributing a controlled substance and for Martinez's role as an organizer, leader, manager, or supervisor, as well as granting a three-level reduction for acceptance of responsibility, the district court calculated Martinez's offense level as 39 with a criminal history category of II, resulting in a Guidelines range of 292 to 365 months imprisonment. The district court then granted the government's motion for a 4-level downward departure, which resulted in a final Guidelines range of 188 to 235 months imprisonment. After considering the 18 U.S.C. § 3553(a) factors, the district court sentenced Martinez to 210 months imprisonment, followed by 5 years of supervised release, and imposed a $25,000 fine.

Martinez appeals, arguing that the district court committed procedural error by erroneously applying the aggravating role enhancement pursuant to USSG § 3B1.1(c). "Procedural errors include 'failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence—including an explanation for any deviation from the Guidelines range.'" United States v. Godfrey, 863 F.3d 1088, 1094-95 (8th Cir. 2017) (citation omitted). In reviewing Martinez's claim of procedural error, we review the district court's application of the sentencing Guidelines de novo and its factual findings for clear error. United States v. Jarvis, 814 F.3d 936, 937 (8th Cir. 2016).

Martinez first asserts that the district court erred by relying on the factual statements in the PSR to support application of the organizer, leader, manager, or supervisor enhancement and not requiring the government to put on any evidence before applying the enhancement. However, as the district court noted at sentencing, Martinez did not object to any of the factual allegations in the PSR that formed the

-3-

factual basis for the enhancement, instead objecting only to the paragraphs of the PSR that recommended application of the enhancement. "[U]nless a defendant objects to a specific factual allegation contained in the PSR, the court may accept that fact as true for sentencing purposes." United States v. Razo-Guerra, 534 F.3d 970, 975 (8th Cir. 2008) (alteration in original) (citation omitted). And we have specifically rejected an argument that an objection to paragraphs in the PSR that discuss the application of an enhancement serves as an implied objection to the underlying factual allegations that would support that enhancement. Id. at 976 ("We have never recognized 'implied objections' to factual statements contained in a PSR. Rather, we require that objections to the PSR be made 'with "specificity and clarity"' before a district court is precluded from relying on the factual statements contained in the PSR." (citation omitted)). Because Martinez did not lodge any objection to the paragraphs containing the factual allegations, the district court was entitled to rely on the factual allegations as true, and the government was not required to put on any evidence. Cf. United States v. Davis, 583 F.3d 1081, 1095 (8th Cir. 2009) ("When the defendant . . . objects [to a specific factual allegation] and the relevant responsive evidence has not already been produced at trial, 'the government must present evidence at the sentencing hearing to prove the existence of the disputed facts.'" (citation omitted)). The district court thus did not err in relying on the unobjected-to facts in the PSR in applying the enhancement.

Martinez next asserts that the unobjected-to facts in the PSR, even if properly relied on, were insufficient to support application of the enhancement. We disagree. "[T]o apply an enhancement under Section 3B1.1(c), the district court must find that 'the defendant was an organizer, leader, manager, or supervisor in any criminal activity.' Each of these four terms is construed broadly." United States v. De Oliveira, 623 F.3d 593, 599 (8th Cir. 2010) (quoting USSG § 3B1.1(c)).

> In determining whether a defendant qualifies for an enhancement pursuant to § 3B1.1, the district court also may consider: "[T]he exercise of decision making authority, the nature of participation in the commission of the offense, the recruitment of accomplices, the claimed right to a larger share of the fruits of the crime, the degree of

participation in planning or organizing the offense, the nature and scope of the illegal activity, and the degree of control and authority exercised over others."

United States v. Frausto, 636 F.3d 992, 996 (8th Cir. 2011) (alteration in original) (citation omitted).  Further, the enhancement may be applied even if the defendant managed or supervised only one other participant in the criminal activity.  See United States v. Gamboa, 701 F.3d 265, 267 (8th Cir. 2012).

The unobjected-to facts in the PSR demonstrate that Martinez played a leadership role in the drug distribution operation.  As the district court noted, the scheme was fairly sophisticated and involved large quantities of methamphetamine; two of Martinez's unindicted co-conspirators lived in a home owned by Martinez and stated that they worked for Martinez; Martinez purchased and used different vehicles when he distributed methamphetamine to avoid detection; Martinez had his brother and co-defendant register one of the vehicles in his brother's name and keep the vehicle at his brother's residence; and Martinez had an agreement with his brother to use his brother's residence as a place to store and package the methamphetamine Martinez distributed.  These facts provide a sufficient basis for application of the enhancement, and the district court did not err in applying the two-level increase for Martinez's role as an organizer, leader, manager, or supervisor of the distribution operation.  See id. (concluding district court did not err in applying enhancement under USSG § 3B1.1 where defendant controlled other participants in drug trafficking offense).

For the foregoing reasons, we affirm the judgment of the district court.

_____