# United States Court of Appeals
## For the Eighth Circuit
_____

No. 20-3099
_____

United States of America

*Plaintiff - Appellee*

v.

Victor Manuel Quijada

*Defendant - Appellant*
_____

Appeal from United States District Court
for the District of Minnesota
_____

Submitted: September 20, 2021
Filed: December 29, 2021
[Unpublished]
_____

Before KELLY, ERICKSON, and GRASZ, Circuit Judges.
_____

PER CURIAM.

Victor Quijada pled guilty to two counts of methamphetamine distribution. When calculating the United States Sentencing Guidelines Manual ("U.S.S.G." or "Guidelines") range, the district court[1] applied a 2-level aggravating role sentencing

_____

[1]The Honorable David S. Doty, United States District Judge for the District of Minnesota.

enhancement because it concluded Quijada was an organizer, leader, manager, or supervisor in the offenses. *See* U.S.S.G. § 3B1.1(c). The district court then sentenced Quijada to 200 months of imprisonment, which was within the recommended Guidelines range. Quijada appeals, arguing the evidence does not support the role enhancement. We affirm.

## I. Background

Quijada sold methamphetamine to an undercover officer on two occasions in 2019. After his indictment and arrest, Quijada pled guilty to two counts of distributing 50 grams or more of actual methamphetamine. *See* 21 U.S.C. § 841(a)(1), (b)(1)(A).

For purposes of calculating the sentencing range under the Guidelines, the government urged the district court to increase Quijada's offense level by four, arguing this was appropriate because Quijada "was an organizer or leader of a criminal activity that involved five or more participants or was otherwise extensive[.]" U.S.S.G. § 3B1.1(a). The government put on evidence that Quijada had directed two other participants during the drug deals observed by the undercover officer. The government also pointed to evidence that it claimed showed Quijada had directed at least two other people to pick up large amounts of illegal drugs in Arizona and bring them back to Quijada in Minnesota. Combined, the government argued this evidence showed Quijada organized or led extensive criminal activity involving at least five people.

The district court found the government did not show that Quijada directed others to retrieve drugs from Arizona. Thus, the district court found the government failed to show Quijada was the leader of a criminal enterprise involving five or more participants and it refused to apply the 4-level enhancement under U.S.S.G. § 3B1.1(a). The district court did, however, find that Quijada organized, led, managed, or supervised the undercover drug deals witnessed by the undercover officer and therefore applied the 2-level enhancement under U.S.S.G. § 3B1.1(c).

-2-

Applying this enhancement, the district court calculated a Guidelines range of 168 to 210 months of imprisonment. After considering the 18 U.S.C. § 3553(a) sentencing factors, the district court imposed a 200-month sentence.

## II. Analysis

Quijada appeals, arguing the district court erred in applying the 2-level aggravating role enhancement. "We review the court's application and construction of the Guidelines *de novo* and review its factual findings for clear error." *United States v. Reed*, 978 F.3d 538, 544 (8th Cir. 2020).

The district court must enhance a defendant's offense level by two if it determines "the defendant was an organizer, leader, manager, or supervisor in any criminal activity[.]" U.S.S.G. § 3B1.1(c). We broadly interpret each of these terms. *See United States v. McSmith*, 968 F.3d 731, 736 (8th Cir. 2020).

A district court may not apply the U.S.S.G. § 3B1.1(c) enhancement based on a defendant's mere distribution of drugs. *See United States v. Gamboa*, 701 F.3d 265, 267 (8th Cir. 2012). For the enhancement to apply, a defendant must instead "direct or enlist the aid of others." *United States v. House*, 923 F.3d 512, 518 (8th Cir. 2019) (quoting *United States v. Bahena,* 223 F.3d 797, 805 (8th Cir. 2000)). Managing or supervising even one other person in a single drug transaction is sufficient. *See id*.

The record supports the district court's finding that Quijada managed or supervised at least one other person while selling drugs. During the controlled buys, for example, Quijada directed an associate to make several phone calls arranging the logistics of the drug transaction, which led others to bring methamphetamine for Quijada to sell. And Quijada also had someone drive him to and from the second drug transaction. Considering this evidence, we see no basis to reverse the 2-level enhancement. *See United States v. Hull*, 646 F.3d 583, 587 (8th Cir. 2011) (upholding a 2-level enhancement where, along with other evidence, the defendant's

-3-

wife "chauffeured him during the drug sale"); *see also United States v. Rodriguez*, 741 F.3d 908, 912 (8th Cir. 2014) (upholding a 3-level enhancement where, along with other evidence, the defendant "directed his coconspirator to transport drugs and drug proceeds"); *United States v. Cole*, 657 F.3d 685, 687 (8th Cir. 2011) (upholding a 3-level enhancement where there was evidence the defendant directed the transportation of drugs and had an accomplice drive him to deliver drugs).

Even had the district court erred, reversal is not warranted here because the enhancement "did not affect the ultimate determination of a sentence." *United States v. Belfrey*, 928 F.3d 746, 751 (8th Cir. 2019) (quoting *United States v. Straw*, 616 F.3d 737, 742 (8th Cir. 2010)). Indeed, the district court analyzed the proper sentencing factors and explained it would impose the same sentence regardless of whether the enhancement applied. This explanation "shows that any procedural error was harmless." *United States v. Fisher*, 965 F.3d 625, 633 (8th Cir. 2020).

## III. Conclusion

We affirm the judgment of the district court.

_____