# United States Court of Appeals
## For the Eighth Circuit

_____

No. 20-3561
_____

United States of America

*Plaintiff - Appellee*

v.

Devin L. Ashford

*Defendant - Appellant*

_____

Appeal from United States District Court
for the District of Nebraska

_____

Submitted: October 18, 2021
Filed: February 25, 2022
[Unpublished]

_____

Before GRUENDER, BENTON, and GRASZ, Circuit Judges.

_____

PER CURIAM.

A jury convicted Devin Ashford of sex trafficking of a minor, 18 U.S.C.
§ 1591(a)(1), (b)(2), (c); production of child pornography, 18 U.S.C. § 2251(a); sex
trafficking by means of force, threats of force, fraud, or coercion, 18 U.S.C
§ 1591(a)(1), (b)(1)–(2); and interstate travel for prostitution, 18 U.S.C. § 2421(a).

The district court[1] sentenced Ashford to three consecutive terms (and one concurrent term) of imprisonment totaling 47 years.  Ashford appeals, arguing there was insufficient evidence for his conviction on each count and that the district court's sentence was unreasonable.  We affirm.

We review sufficiency of the evidence supporting a conviction de novo, viewing the evidence in the light most favorable to the verdict.  *United States v. Paul*, 885 F.3d 1099, 1101 (8th Cir. 2018).  We will overturn a conviction "only where no reasonable jury could find all the [crime's] elements beyond a reasonable doubt."  *Id.* at 1102 (alteration in original) (quoting *United States v. Cole*, 721 F.3d 1016, 1021 (8th Cir. 2013)).  We address sufficiency of the evidence for each count in turn.

First, Ashford argues there was insufficient evidence to support his conviction for sex trafficking of a minor because there was no evidence E.F., the minor victim, ever actually engaged in commercial sex acts or was enticed by Ashford to engage in such acts.  The sex trafficking of a minor statute, however, does not require a commercial sex act—Ashford is guilty if he knowingly enticed a person knowing, or recklessly disregarding, the fact "that the person has not attained the age of 18 years and *will be caused* to engage in a commercial sex act."  18 U.S.C. § 1591(a) (emphasis added); *see also United States v. Collier*, 932 F.3d 1067, 1079 (8th Cir. 2019) ("[T]he fact the victim never actually engaged in commercial sex is irrelevant" under 18 U.S.C. § 1591(a).).

Ashford does not dispute he knew E.F. was not yet 18 years old.  And E.F.'s phone revealed social media communications with Ashford indicating E.F. was "trapping," a term often associated with illicit activity according to witness testimony, and going on "dates" to make money for Ashford. While Ashford argues there is no direct evidence he sent these messages, the jury reasonably inferred he

---

[1]The Honorable John M. Gerrard, then Chief Judge, now United States District Judge for the District of Nebraska.

did because the messages came from his phone and Ashford presented no evidence indicating someone else sent them. Moreover, a witness who lived with E.F. testified Ashford instructed her to find "dates" for E.F. This evidence was sufficient for a reasonable jury to conclude Ashford knowingly enticed E.F. to meet with men knowing she would be caused to engage in commercial sex acts.

Next, Ashford argues there was insufficient evidence to support his conviction for production of child pornography. Ashford argues that while the minor victim testified Ashford requested and she sent sexually explicit pictures of herself to his Facebook Messenger account, no direct evidence showed he actually sent and received those communications. Again, there was sufficient circumstantial evidence, including the lack of evidence as to any alternative, for a reasonable jury to conclude it was Ashford who requested and received the child pornography through his account.

Third, Ashford argues there was insufficient evidence to support his conviction for sex trafficking by fraud, force, or coercion. He contends there was no direct evidence that the victim engaged in a commercial sex act. But again, direct evidence of a commercial sex act is not required under § 1591(a). *See* 18 U.S.C. § 1591(a); *Collier*, 932 F.3d at 1079. Ashford is guilty of sex trafficking by fraud, force, or coercion if he knowingly enticed or advertised a person knowing or recklessly disregarding that fraud, force, threats of force, or coercion "will be used to cause the person to engage in a commercial sex act." 18 U.S.C. § 1591(a). The victim's testimony that Ashford advertised her to men, expected her to have sex with men for money, and would beat her if she refused to go on "dates" was sufficient for a reasonable jury to conclude Ashford knowingly advertised and enticed the victim to meet with men knowing the threat of force would cause her to engage in commercial sex acts. *See United States v. Reed*, 972 F.3d 946, 952 (8th Cir. 2020) ("The jury is the final arbiter of the witnesses' credibility, and we will not disturb that assessment.") (quoting *United States v. Listman*, 636 F.3d 425, 430 (8th Cir. 2011)); *United States v. DeCoteau*, 630 F.3d 1091, 1097 (8th Cir. 2011) (noting "a victim's testimony alone can be sufficient to prove aggravated sexual abuse").

Ashford offers the same no-evidence-of-a-commercial-sex-act argument for the final count, interstate travel for prostitution. However, victims testified Ashford traveled with them and intimidated them into having sex for money in several different states. This is sufficient evidence for a reasonable jury to conclude Ashford knowingly transported victims across state lines intending they engage in prostitution in violation of 18 U.S.C. § 2421(a).

Finally, Ashford claims the district court imposed unreasonable consecutive sentences of imprisonment totaling 47 years when, according to Ashford, a 30-year concurrent sentence, the minimum sentence advised by the United States Sentencing Guidelines Manual, would have satisfied the sentencing goals of 18 U.S.C. § 3553. We review whether the district court's sentence was substantively reasonable "under a 'deferential abuse-of-discretion standard.'" *United States v. Stephen*, 984 F.3d 625, 632 (8th Cir. 2021) (quoting *United States v. Cole*, 657 F.3d 685, 688 (8th Cir. 2011)). Here, the district court thoroughly considered the sentencing factors under 18 U.S.C. § 3553(a). The district court emphasized the nature of the offenses and the need for the sentence imposed, noting Ashford's disregard and cruelty towards his victims and that he had no other career outside of his crimes. The district court was well within its broad discretion in determining the § 3553(a) factors required a sentence more severe than Ashford wanted. *See United States v. Donahue*, 959 F.3d 864, 867 (8th Cir. 2020) ("[S]entencing courts . . . have wide discretion to weigh the § 3553(a) factors.") (alterations in original) (quoting *United States v. Wilder*, 597 F.3d 936, 946 (8th Cir. 2010)).

For the reasons set forth herein, we affirm.

_____