# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 11-3844

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Southern District of Iowa. |
| Manuel Moreno, | * | |
| | * | [PUBLISHED] |
| Appellant. | * | |

_____

Submitted: April 20, 2012
Filed: June 4, 2012

_____

Before WOLLMAN, BYE, and BENTON, Circuit Judges.

_____

PER CURIAM.

Between 2002 and 2007, Manuel Moreno participated in a methamphetamine conspiracy. He traveled to Des Moines, Iowa, to monitor meth deliveries and to collect payments for the conspiracy's leader, Elfego Ignacio Cid. Moreno pled guilty to conspiracy to distribute meth, in violation of 21 U.S.C. §§ 841(b)(1)(A)(viii) and 846. The district court[1] sentenced Moreno to 152 months' imprisonment. He appeals the finding that he managed or supervised the conspiracy. This court affirms.

_____

[1]The Honorable James E. Gritzner, Chief Judge, United States District Court for the Southern District of Iowa.

The application of sentencing guidelines is reviewed de novo. *United States v. Barker*, 556 F.3d 682, 689 (8th Cir. 2009). A defendant's role in an offense is a question of fact, subject to clearly erroneous review. *United States v. Johnson*, 47 F.3d 272, 277 (8th Cir. 1995). Reversal requires a "definite and firm conviction that a mistake has been committed." *United States v. Martinez*, 446 F.3d 878, 881 (8th Cir. 2006), *quoting Anderson v. City of Bessemer City, N.C.*, 470 U.S. 564, 573 (1985). If the district court chose a permissible view of the evidence, its holding is not clearly erroneous. *United States v. Garcia*, 512 F.3d 1004, 1006 (8th Cir. 2008).

A three-level increase applies if the defendant managed or supervised criminal activity involving five or more participants, or which was otherwise extensive. U.S.S.G. § 3B1.1(b). The government must prove the enhancement by a preponderance of the evidence. *United States v. Gaines*, 639 F.3d 423, 427 (8th Cir. 2011). This court construes "manager" and "supervisor" broadly. *United States v. Erhart*, 415 F.3d 965, 973 (8th Cir. 2005).

The Sentencing Guidelines list seven factors to distinguish a manager or supervisor from a leader or organizer, including "the degree of control and authority exercised over others." § 3B1.1 cmt. n.4; s*ee Gaines*, 639 F.3d at 428-29 (evaluating those factors in a § 3B1.1(b) enhancement). The district court found that Moreno acted as Cid's "eyes and ears" in Des Moines. While Moreno did not "specifically direct[ ] behavior," he ensured the operation went according to plan and that the proceeds got back to California. Citing *United States v. Plancarte-Vazquez*, 450 F.3d 848, 853 (8th Cir. 2006), Moreno argues that enhancement requires some control over at least one other participant. *See also United States v. Payton*, 636 F.3d 1027, 1048 (8th Cir. 2011). To the contrary, a defendant's control over another participant is sufficient but not necessary for a § 3B1.1(b) enhancement. *Gaines*, 639 F.3d at 428 n.4.

The district court did not clearly err in enhancing Moreno's sentence. One permissible view of the evidence is that he supervised the conspiracy's Des Moines deliveries and payments. The exercise of "management responsibility over the property, assets, or activities of a criminal organization" may warrant enhancement. § 3B1.1 cmt. n.2.

The judgment of the district court is affirmed.

_____