# United States Court of Appeals
## For the Eighth Circuit

_____

No. 12-1009

_____

United States of America

*Plaintiff - Appellee*

v.

Silvia Susana Duhart-Orea

*Defendant - Appellant*

_____

No. 12-1124

_____

United States of America

*Plaintiff - Appellee*

v.

Allan Roustand-Rolon

*Defendant - Appellant*

_____

Appeal from United States District Court
for the District of Nebraska - Omaha

_____

Submitted: September 17, 2012
Filed: September 25, 2012
[Unpublished]
_____

Before WOLLMAN, LOKEN, and MURPHY, Circuit Judges.
_____

PER CURIAM.

After a government investigation uncovered a large counterfeit identification scheme, both Silvia Duhart-Orea and Allan Roustand-Rolon pled guilty to conspiracy to transfer false identification documents in violation of 18 U.S.C. § 371, and Duhart-Orea also pled guilty to the actual transfer of the documents in violation of 18 U.S.C. § 1028(a)(2). The district court[1] sentenced Duhart-Orea to 24 months and Roustand-Rolon to 57 months imprisonment, the low end of the guideline range for each defendant. In a consolidated appeal, both Duhart-Orea and Roustand-Rolon argue that the district court erred in applying enhancements, and Duhart-Orea contends that her sentence is substantively unreasonable. We affirm.

In December 2010 a confidential informant and an undercover agent executed separate controlled purchases of counterfeit identification documents from Duhart-Orea in Omaha, Nebraska. After her arrest Duhart-Orea told law enforcement that she had received the identity documents from Jorge Fernandez-Rouston (Gordo). She estimated that she had sold one to three sets of counterfeit identification documents at Gordo's direction each day throughout the past year.

Duhart-Orea alerted law enforcement of three additional coconspirators, including Gordo's assistant Roustand-Rolon. One of the coconspirators reported that

_____

[1] The Honorable Lyle E. Strom, United States District Court Judge for the District of Nebraska.

-2-

Gordo and Roustand-Rolon had been exclusively responsible for manufacturing the counterfeit documents. In a search of the premises where the documents had been produced, agents recovered over 20 printer cartridges that had been used to create approximately 2,000 identity documents. Duhart-Orea and Roustand-Rolon subsequently pled guilty to conspiracy to transfer false identification documents, and Duhart-Orea also pled guilty to the underlying substantive charge.

The presentence investigation report (PSR) calculated Duhart-Orea's guideline range to be 24 to 30 months for each count. It recommended a nine level enhancement for the transfer of more than 100 documents, see U.S.S.G. § 2L2.1(b)(2)(C), and a two level reduction for acceptance of responsibility, see U.S.S.G. § 3E1.1(a). At Duhart-Orea's sentencing a case agent testified that she had admitted to selling between one and three sets of identity documents daily for a year. The government urged the district court to impose the nine level enhancement for transferring more than 100 sets of documents because "if you do the simple math" Duhart-Orea had transferred at least three times that many. Since Duhart-Orea's admission supported the enhancement, the district court adopted the PSR's guideline calculation.

The government argued that Duhart-Orea should be sentenced at the high end of the guideline range because the conspiracy involved so many documents. Duhart-Orea urged the district court to vary downward in light of her remorse, cooperation with authorities, and lack of criminal history. After discussing the scope of the conspiracy, Duhart-Orea's substantial involvement, and the factors set out in 18 U.S.C. § 3553(a), the district court imposed concurrent sentences of 24 months for each count to which Duhart-Orea had pled.

Roustand-Rolon's PSR calculated his guideline range to be 57 to 60 months. It recommended a nine level enhancement for the transfer of more than 100 documents, see U.S.S.G. § 2L2.1(b)(2)(C), a three level enhancement for his role as

a manager or supervisor in a conspiracy with five or more participants, see U.S.S.G. § 3B1.1(b), and a two level reduction for acceptance of responsibility, see U.S.S.G. § 3E1.1(a). The maximum sentence under the guideline calculation would have been 71 months, but it was reduced to 60 months since the conspiracy charge carried a five year maximum.

At Roustand-Rolon's sentencing the government argued that the district court should apply a three level enhancement for his supervisory role because Roustand-Rolon had been Gordo's assistant and had manufactured the false documents. Roustand-Rolon objected, arguing that the nature of Gordo's leadership showed that he was not a manager or supervisor. After discussing the participants' relative roles in the conspiracy, the district court determined that the evidence supported the manager or supervisor enhancement and sentenced Roustand-Rolon to 57 months.

Duhart-Orea and Roustand-Rolon appeal. Duhart-Orea argues that the enhancement for transferring more than 100 sets of documents was unsupported by evidence and that her sentence is substantively unreasonable. Roustand-Rolon contends that there was insufficient evidence to support the enhancement for his role as a manager or supervisor.

This court reviews sentences first for procedural error and then for substantive reasonableness. United States v. Feemster, 572 F.3d 455, 461 (8th Cir. 2009) (en banc). We review substantive reasonableness under a deferential abuse of discretion standard, Gall v. United States, 552 U.S. 38, 41 (2007), and presume that a sentence within the guideline range is reasonable. United States v. Keating, 579 F.3d 891, 894 (8th Cir. 2009). We review a district court's findings of fact for clear error. United States v. Hatchett, 622 F.3d 984, 986 (8th Cir. 2010) (citation omitted). A finding of fact, including the defendant's role in a conspiracy, is not clearly erroneous if it is based on a "permissible view of the evidence." United States v. Moreno, 679 F.3d 1003, 1004 (8th Cir. 2012) (per curiam) (quotation omitted).

Duhart-Orea first argues that there was insufficient evidence to support the application of an enhancement under U.S.S.G. § 2L2.1(b)(2)(C) for transferring more than 100 sets of documents. We disagree. In Duhart-Orea's post arrest interview she stated that she "sold an average of about 1-3 sets of documents per day for the past year." This statement indicates that well over 100 sets of documents were involved in the conspiracy and sufficiently supports the district court's application of the nine level enhancement.

Duhart-Orea also argues that her sentence is substantively unreasonable because she had a minor role in the conspiracy. This argument was properly rejected by the district court, which noted that "this was a fairly substantial conspiracy involving a lot of documents" and Duhart-Orea had been "doing this on a daily basis for a year, maybe three years." We conclude that the district court did not abuse its discretion in imposing a sentence at the bottom of the guideline range. See United States v. Phelps, 536 F.3d 862, 869 (8th Cir. 2008).

Roustand-Rolon contends that the district court erred in applying the three level enhancement for his manager or supervisor role because there was no evidence he "controlled or managed" his coconspirators. This court does not require "evidence of control or decision making authority over one or more accomplices . . . for a manager/supervisor enhancement." United States v. Gaines, 639 F.3d 423, 429 n.4 (8th Cir. 2011). Rather, "the exercise of 'management responsibility over the property, assets, or activities of a criminal organization' may warrant an enhancement." Moreno, 679 F.3d at 1004 (citing U.S.S.G. § 3B1.1 cmt. n.2). Since the evidence at sentencing showed that Roustand-Rolon exercised control over the production of false documents and acted as Gordo's assistant, the district court's application of the three level enhancement was not clearly erroneous.

Accordingly, we affirm the judgments.

———————————————