# United States Court of Appeals
## For the Eighth Circuit

_____

No. 14-1563

_____

United States of America,

*Plaintiff - Appellee*,

v.

Eloy Castaneda-Gonzalez,

*Defendant - Appellant*.

_____

Appeal from United States District Court
for the Western District of Missouri - Jefferson City

_____

Submitted: October 3, 2014
Filed: October 8, 2014
[Unpublished]

_____

Before COLLOTON, BOWMAN, and SHEPHERD, Circuit Judges.

_____

PER CURIAM.

Eloy Castaneda-Gonzalez directly appeals after he pled guilty to drug-conspiracy charges and the district court[1] sentenced him below the calculated

---

[1]The Honorable Fernando J. Gaitan, United States District Judge for the Western District of Missouri.

Guidelines range.  His counsel has filed a brief under *Anders v. California*, 386 U.S. 738 (1967), arguing that the district court erred in applying a sentencing enhancement based on Castaneda's role in the offenses.  Counsel also seeks leave to withdraw.

Upon careful review, we conclude that the district court did not clearly err in finding that Castaneda was a leader or organizer of a criminal activity involving five or more participants, and we therefore conclude that the challenged enhancement was proper.  *See United States v. Mesner*, 377 F.3d 849, 851 (8th Cir. 2004) (clear-error review standard applies to findings underlying role-in-offense enhancement); *see also United States v. Irlmeier*, 750 F.3d 759, 763 (8th Cir. 2014) (listing factors court should consider in deciding whether offender was leader or organizer).  Further, having independently reviewed the record pursuant to *Penson v. Ohio*, 488 U.S. 75 (1988), we find no nonfrivolous issues.

As for counsel's motion to withdraw, we conclude that allowing counsel to withdraw at this time would not be consistent with the Eighth Circuit's 1994 Amendment to Part V of the Plan to Implement the Criminal Justice Act of 1964.  We therefore deny counsel's motion to withdraw as premature, without prejudice to counsel refiling the motion upon fulfilling the duties set forth in the Amendment.

Judge Colloton would grant counsel's motion to withdraw.  *See United States v. Eredia*, No. 13-3538, slip op. at 2-3 (8th Cir. Oct. 2, 2014) (unpublished) (Colloton, J., concurring in part and dissenting in part).

_____