# United States Court of Appeals
## For the Eighth Circuit

_____

No. 17-2907

_____

United States of America

*Plaintiff - Appellee*

v.

Michael David Redmond, Jr.

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Southern District of Iowa - Council Bluffs

_____

Submitted: June 11, 2018
Filed: August 7, 2018
[Unpublished]

_____

Before LOKEN, GRUENDER, and GRASZ, Circuit Judges.

_____

PER CURIAM.

Michael Redmond, Jr., pleaded guilty to one count of conspiracy to distribute a controlled substance in violation of 21 U.S.C. §§ 841(a)(1) and 846. Before sentencing, the United States Probation Office prepared a presentence investigation report ("PSR"), which recommended a total offense level of 32, a criminal history category of I, and an advisory guidelines range of 121 to 151 months. The PSR's

offense-level calculation included a three-level role enhancement under United States Sentencing Guidelines ("U.S.S.G.") § 3B1.1(b) for being a manager or supervisor in the criminal activity. Redmond objected to the application of the enhancement, arguing that he did not qualify as a manager or supervisor under the guidelines. The district court[1] overruled the objection and sentenced Redmond to the mandatory minimum sentence of 120 months' imprisonment, *see* 21 U.S.C. § 841(b)(1)(A), a one-month downward variance from the advisory guidelines range. Redmond timely appealed, again challenging the sentencing enhancement. In addition, he argues that because he was not a manager or supervisor in the conspiracy, he qualifies for the safety valve under 18 U.S.C. § 3553(f), which allows a sentencing court to impose a sentence less than the mandatory minimum sentence.

The Government bears the burden of proving by a preponderance of the evidence that the role enhancement is warranted. *United States v. Gaines*, 639 F.3d 423, 427 (8th Cir. 2011). Whether a defendant functioned as a manager or supervisor is a question of fact reviewed for clear error. *Id.* at 427-28. "We construe the terms 'manager' or 'supervisor' broadly under U.S.S.G. § 3B1.1." *United States v. Adamson*, 608 F.3d 1049, 1056 (8th Cir. 2010). A defendant may be subject to the enhancement even if he managed or supervised only one participant in a single transaction. *United States v. Irlmeier*, 750 F.3d 759, 764 (8th Cir. 2014). "[T]he simple fact that a defendant recruits new members into a conspiracy supports a finding of the defendant being a manager or supervisor." *United States v. Erhart*, 415 F.3d 965, 973 (8th Cir. 2005). Additionally, while fronting or distributing drugs does not by itself support a manager or supervisor role enhancement, taken together with additional evidence showing control over another participant, it may support such a finding. *United States v. Del Toro-Aguilera*, 138 F.3d 340, 343 (8th Cir. 1998).

---

[1]The Honorable James E. Gritzner, United State District Judge for the Southern District of Iowa.

At sentencing, the Government pointed to uncontested facts in the PSR and Redmond's plea agreement as evidence supporting the role enhancement. Redmond began selling fentanyl for his supplier between Thanksgiving and Christmas 2015. He was observed selling the drugs to numerous people from his residence. A few weeks later, as stipulated in Redmond's plea agreement, he "recruited" his brother into the conspiracy to distribute fentanyl and increase the number of customers Redmond could supply. Redmond's brother began selling drugs, initially using Redmond as his supplier and giving Redmond all of his profits.

Redmond argued that although he fronted his brother drugs, the two are very close and their relationship in this conspiracy was that of "co-venturers within a joint venture." The district court rejected Redmond's argument and found that the Government had proven by a preponderance of the evidence that the manager or supervisor role enhancement was properly applied. On the basis of this record, the district court did not clearly err in applying the manager or supervisor role enhancement. *See Gaines*, 639 F.3d at 427; *Erhart*, 415 F.3d at 973; *Irlmeier*, 750 F.3d at 764.

Accordingly, Redmond's safety-valve argument is foreclosed. *See* 18 U.S.C. § 3553(f)(4) (asserting that a defendant only qualifies for application of the safety valve if, among other things, he was not an organizer, leader, manager, or supervisor of others in the offense).

Therefore, we affirm Redmond's sentence.

_____