# United States Court of Appeals

### For the Eighth Circuit

_____

No. 18-2321

_____

United States of America

*Plaintiff - Appellee*

v.

Mark Arlin Hammerschmidt

*Defendant - Appellant*

_____

Appeal from United States District Court
for the District of Minnesota - St. Paul

_____

Submitted: April 15, 2019
Filed: June 12, 2019
[Unpublished]

_____

Before LOKEN, WOLLMAN, and STRAS, Circuit Judges.

_____

PER CURIAM.

Mark Hammerschmidt pleaded guilty to two counts of conspiracy to defraud the United States in violation of 18 U.S.C. § 286. The district court[1] sentenced him to 135 months' imprisonment. We affirm.

Hammerschmidt was involved in two schemes to obtain fraudulent tax refunds from the United States, of which only the second scheme (the Guatemalan conspiracy) is at issue here. Jorge and Daniz Avila (the Avila brothers) sent Hammerschmidt the identifying information of more than 500 Guatemalan citizens that he used to apply for individual taxpayer identification numbers. Hammerschmidt then filed false tax returns for the Guatemalan citizens—none of whom worked or resided in the United States—to obtain refunds. The refunds were deposited into accounts or sent to addresses controlled by Hammerschmidt. Hammerschmidt filed more than 500 fraudulent federal tax returns for which the Internal Revenue Service (IRS) paid out $1,787,621.

The district court originally sentenced Hammerschmidt to 135 months' imprisonment. We vacated and remanded for resentencing in part because the government had not proved that he managed or supervised another participant in accordance with U.S. Sentencing Guidelines (Guidelines or U.S.S.G.) § 3B1.1(b). See United States v. Hammerschmidt, 881 F.3d 633 (8th Cir. 2018) (Hammerschmidt I).

Prior to resentencing, the district court held an evidentiary hearing in which IRS Special Agent Marissa Pitzen testified. Pitzen stated that others had assisted Hammerschmidt in the Guatemalan conspiracy, including his wife Ornella Hammerschmidt and Margarita Ortuno Sanchez, an employee of the Hammerschmidts' tax preparation business. Pitzen testified that Ortuno Sanchez had

---

[1]The Honorable David S. Doty, United States District Judge for the District of Minnesota.

informed law enforcement that Hammerschmidt had instructed her "to write or sign the names of the Guatemalan citizens for whom those [tax] filings were for." Pitzen confirmed that these filings were associated with the Guatemalan conspiracy. Ortuno Sanchez further told agents that she was aware that the Hammerschmidts were forging the signatures of the Guatemalan citizens and notarizing documentation related to IRS filings involved in the Guatemalan conspiracy. She also knew that the tax documents she signed were related to documentation provided by the Avila brothers. Ortuno Sanchez stated that she was uncomfortable with "signing other people's names that weren't there" but nevertheless did as she was told.

At resentencing, the district court applied a three-level role adjustment under § 3B1.1(b) because Hammerschmidt had "managed or supervised one or more participants in the Guatemalan conspiracy . . . , specifically, Margarita Ortuno Sanchez."[2] The district court determined that Hammerschmidt had a criminal history category of II and a total offense level of 31, with a Guidelines range of 121 to 151 months' imprisonment, and sentenced him to 135 months' imprisonment.

Hammerschmidt argues that the district court erred in applying the three-level adjustment under § 3B1.1(b). The government must prove by a preponderance of the evidence that an aggravating role adjustment applies. United States v. Irlmeier, 750 F.3d 759, 763 (8th Cir. 2014). "The district court's factual findings, including its determination of a defendant's role in the offense, are reviewed for clear error, while its application of the guidelines to the facts is reviewed de novo." Id. at 762 (quoting United States v. Gaines, 639 F.3d 423, 427-28 (8th Cir. 2011)). Section 3B1.1(b) allows for a three-level adjustment "[i]f the defendant was a manager or supervisor

---

[2]The district court stated that even if the three-level role adjustment did not apply, it "would impose the same sentence" under U.S.S.G. § 3B1.1(c). Because we conclude that a three-level adjustment under § 3B1.1(b) is warranted, we decline to address the alternative sentence issue under § 3B1.1(c).

(but not an organizer or leader) and the criminal activity involved five or more participants or was otherwise extensive." In Hammerschmidt I, we concluded that for the § 3B1.1(b) adjustment to apply, the government must prove that Hammerschmidt managed or supervised another participant in the Guatemalan conspiracy. See Hammerschmidt I, 881 F.3d at 637 (explaining that § 3B1.1 application note 2 "clarified that a § 3B1.1 adjustment was appropriate only if the defendant had organized, led, managed, or supervised another participant").

Hammerschmidt asserts that he did not manage or supervise another participant in the Guatemalan conspiracy. Application note 1 of § 3B1.1 defines a "participant" as "a person who is criminally responsible for the commission of the offense, but need not have been convicted." To be criminally responsible, Ortuno Sanchez must have known that an agreement existed to defraud the government and must have knowingly and voluntarily became part of the agreement. See United States v. Morris, 723 F.3d 934, 939 (8th Cir. 2013) (elements of conspiracy to defraud the government); see also 18 U.S.C. § 286 (a conspiracy to defraud the United States involves "obtaining or aiding to obtain the payment or allowance of any false, fictitious or fraudulent claim"); United States v. Pierre, 825 F.3d 1183, 1193 (11th Cir. 2016) ("To support a conviction under 18 U.S.C. § 286 . . . the government had to prove the existence of an agreement to achieve an unlawful objective, the defendant[s'] knowing and voluntary participation in the conspiracy, and the commission of an overt act in furtherance of it." (alteration in original) (internal quotation marks and citations omitted)).

Pitzen's testimony recounts that Ortuno Sanchez knew that Hammerschmidt and others had made an agreement to file false tax returns because she was aware that the Hammerschmidts were forging the signatures of the Guatemalan citizens and notarizing documents involved in the conspiracy. She also knew that the tax documents she signed related to information provided by the Avila brothers. Although she did not admit to knowing the purpose of filing false returns, she was an

employee of a tax preparation business and was uncomfortable forging signatures. A fair inference from these facts is that she knew the purpose of filing false tax returns was to obtain tax refunds. See United States v. Londondio, 420 F.3d 777, 786 (8th Cir. 2005) (explaining that knowledge may be proved by circumstantial evidence). She also complied with Hammerschmidt's directive to sign the names of the Guatemalan citizens on tax filings, thereby falsely representing herself as the taxpayers. See United States v. Louper-Morris, 672 F.3d 539, 561 (8th Cir. 2012) (determining that individuals who forged signatures on power-of-attorney forms for the purpose of receiving tax credits were participants under § 3B1.1). The district court thus did not err in finding that Ortuno Sanchez was a participant and that Hammerschmidt managed or supervised her.

The sentence is affirmed.

_____