# United States Court of Appeals
### For the Eighth Circuit

_____

No. 25-1108
_____

United States of America

*Plaintiff - Appellee*

v.

Philip Anthony Maheia

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Southern District of Iowa - Central

_____

Submitted: April 30, 2026
Filed: May 5, 2026
[Unpublished]

_____

Before SHEPHERD, ERICKSON, and KOBES, Circuit Judges

_____

PER CURIAM.

Philip Maheia appeals the 120-month mandatory minimum sentence the district court[1] imposed after he pleaded guilty to a drug offense. He argues that the court

_____

[1]The Honorable Stephanie M. Rose, Chief Judge, United States District Court for the Southern District of Iowa.

erred in applying a 2-level aggravating-role enhancement, and as a result, he qualifies for safety-valve relief under 18 U.S.C. § 3553(f).

Upon careful review, we conclude that the district court did not err in applying the enhancement. See United States v. Turner, 781 F.3d 374, 393 (8th Cir. 2015) (standard of review); United States v. Irlmeier, 750 F.3d 759, 764 (8th Cir. 2014) (defendants are subject to role enhancement even when they manage or supervise only one other participant in the conspiracy in a single transaction); United States v. Brown Bull, 138 F.4th 1083, 1090 (8th Cir. 2025) (although fronting, without more, is not sufficient to support an aggravating-role enhancement, fronting "tends to refute the notion the defendant is merely participating in a typical buyer-seller relationship," as defendant "retained the financial risk of distribution" and "overstepped a mere seller's role"). Therefore, Maheia's safety-valve argument is foreclosed. See 18 U.S.C. § 3553(f)(4) (defendant qualifies for safety-valve application if, among other things, he was not an organizer, leader, manager, or supervisor of others in the offense).

Accordingly, we affirm.

_____